**Thomas DUPREE, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**No. 70–609.**

United States District Court,
W. D. Pennsylvania.

Aug. 19, 1970.

Thomas Dupree, pro se.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

This is an appeal from the decision of the Referee of the United States Department of Health, Education and Welfare, Social Security Administration, holding that plaintiff is not totally and permanently disabled within the provisions of the Social Security Act. Jurisdiction of this Court is invoked under the provisions of Title 42, Section 405(g), United States Code, 42 U.S.C.A. § 405(g).

The immediate matter before the Court is a Motion to Dismiss filed on behalf of the Government in which it is claimed that the Court lacks jurisdiction because the Complaint was not filed and

the action was not commenced within the time prescribed by Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). The Court notified the plaintiff by the United States mail on the 28th day of July 1970 at his last known address, 7008 Bennett Street, Pittsburgh, Pennsylvania 15208, that this matter would be heard on the 17th day of August 1970 at 11:00 a. m. The notice specifically provided that if either party failed to comply with the Order of Court and appear at the time and date stated, judgment would be entered against the derelict party. At the time fixed for hearing the plaintiff Thomas Dupree failed to appear nor was any communication had with the Court or with any of the personnel in the office of the Clerk of Court relative to a continuance of the hearing.

The Court has heard the oral argument of counsel for the Secretary, has considered the brief of authorities presented, and the plaintiff presented no brief nor was an appearance made personally.

The Complaint in this proceeding was filed in the Office of the Clerk of Court on the 1st day of June 1970, which was beyond the period of sixty days provided by law for an appeal of this nature.

Judicial review of final decisions on claims arising under Title II of the Social Security Act is provided for and limited by Sections 205(g) and (h) of said Act (42 U.S.C.A. § 405(g) and (h)). The remedy provided by Section 205(g) is obviously exclusive. The relevant provisions read as follows:

"(g) Any individual after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by *a civil action commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Secretary may allow. \* \* \*

"(h) The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under § 41 of Title 28 (the section of the Judicial Code defining the jurisdiction of the Federal district courts which has been superseded by § 1331 et al. of new Title 28 U.S.C.A.) to recover on any claim arising under this sub-chapter." (Emphasis supplied.)

The lack of jurisdiction of any court on any claim arising under Title II of the Social Security Act, except for judicial review in a timely action brought against the Secretary of Health, Education, and Welfare pursuant to section 205(g), would be just as clear even in the absence of the provisions of section 205(h) expressly denying any other jurisdiction.

In McCrae v. Johnson, 84 F.Supp. 220 (D.C.Md., 1949), the Court said:

"It is, of course, well known that federal courts are courts of limited jurisdiction; and the United States District Court has only that jurisdiction which is expressly conferred by Act of Congress, and within the constitutional grant of power of Article 3 of the Federal Constitution. Therefore when the jurisdiction of the court is challenged it is always necessary to be able to point to some federal statute which confers the jurisdiction in the particular case. \* \* \*"

The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 586–587, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). In awarding a review of an administrative proceeding Congress has power to formulate the conditions under which resort to the courts may be

**1262**

had. American Power and Light Co. v. S. E. C., 325 U.S. 385, 389, 65 S.Ct. 1254, 89 L.Ed. 1683 (1945). Where a statute creates a right and provides a special remedy, that remedy is exclusive. United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011 (1919).

In N. L. R. B. v. Cheney California Lumber Co., 327 U.S. 385, 388, 66 S.Ct. 553, 554, 90 L.Ed. 739 (1946), the Supreme Court said:

> "When judicial review is available and under what circumstances, are questions (apart from whatever requirements the Constitution may make in certain situations) that depend on the particular Congressional enactment under which judicial review is authorized. * * *"

It is clear from the above provisions of the Social Security Act, sections 205(g) and (h), that the only civil action permitted on any claim arising under Title II of the Social Security Act is an action to review the "final decision of the Secretary made after a hearing * * *," and that such action must be "commenced within sixty days after the mailing to him (the party bringing the action) of notice of such decision or within such further time as the Secretary may allow."

The complaint in the instant action fails to state a claim upon which relief can be granted, since it was not filed within 60 days after the mailing of notice to the plaintiff of the defendant's final decision or within further time allowed by the defendant (or by the Appeals Council which acts for the defendant).

In Pennsylvania Co. for Insurance, etc. v. Deckert, 123 F.2d 979, 985 (3d Cir. 1941), the Court said:

> " * * * It has been held almost universally that when a statute creating a new cause of action contains in itself a statute of limitations, the limitation imposed becomes an integral part of the right of action created by the statute and so limits it that an ag-

grieved person cannot maintain his suit after the time fixed by the statute has expired."

The cases which have considered said limitations on the right to appeal have uniformly held that compliance must be made with the limitations which exist in the statute.