**Mildred MESSING, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education & Welfare, Defendant.**

**Civ. A. No. 70–690.**

United States District Court,
E. D. Pennsylvania.

Feb. 22, 1971.

J. Webster Jones, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., E. D. Pa., Henry Horstman, Asst. U. S. Atty., E. D. Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendant has moved to dismiss plaintiff's complaint for two reasons: (1) lack of jurisdiction over the subject matter, and (2) failure to state a claim upon which relief can be granted. Under Rule 12(b) of the Federal Rules of Civil Procedure, defendant's motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

## I.

The facts are not in dispute. Plaintiff is the Executrix of the estate of Harry Wolfe, deceased. Following the death of Harry Wolfe on March 29, 1968, counsel for Plaintiff returned the decedent's Social Security check for March, 1968, to the Bureau of Accounts, Treasury Department, Philadelphia, Pennsylvania, and requested a form for claim for death or funeral payment. Eventually, an application for Lump-Sum Death Payment was mailed to plaintiff's counsel which the latter refused to complete and return, maintaining that the Germantown Social Security Office had incorrectly typed certain dates on the application for the sole purpose of entrapping counsel into making a false statement. Counsel for plaintiff also rejected the request for a death certificate as "asinine". By letter dated November 18, 1969, the Department of Health, Education and Welfare sent to plaintiff's counsel a new, blank application form requesting that it be completed, executed by plaintiff, and returned along with proof of death. Unfortunately, counsel for plaintiff failed to complete and return this form, but instead filed the within action on March 10, 1970.

Plaintiff avers that defendant has refused to make a determination of the claim and seeks payment of $264.00, with interest and costs. The sum of $264.00 represents the Lump-Sum Death Payment which plaintiff seeks. The two-year limitation for the filing of an application for the Lump-Sum Death Payment expired shortly after the institution of this action.

## II.

Section 202 of the Social Security Act (the "Act"), 42 U.S.C. § 402, provides for the payment of Lump-Sum Death Payment in Subsection (i) which reads, in part:

"No payment * * * shall be made to any person under this subsection unless application therefor shall have been filed, by or on behalf of such

person (whether or not legally competent), prior to the expiration of two years after the date of death of such insured individual. \* \* \*"

The Regulations further provide that the term "application" refers only to an application on a form prescribed by the Administration. An individual is not deemed to have "filed an application" for the purposes of § 202(i) of the Act until an application on the prescribed form is filed. Social Security Administration, 20 C.F.R. § 404.601 et seq.

■ The Act and Regulations promulgated thereunder clearly indicate the filing of a proper application is a substantive condition precedent to entitlement to a Lump-Sum Death Payment. Bender v. Celebrezze, 332 F.2d 113 (7 Cir. 1964); Coy v. Folsom, 228 F.2d 276 (3 Cir. 1955). Unless a proper application is filed with the Secretary, no action may be taken concerning the claim. The Secretary has no discretion to grant benefits until an application is filed. Since plaintiff has not complied with the mandatory prerequisites prescribed by the Act to file a proper application, the Secretary has made no determination of eligibility.

■ Provision for judicial review of claims arising under the Act is found in, and expressly limited by, Section 205(g) and (h) of the Act, 42 U.S.C. § 405(g) and (h). Section 205(g) reads, in part:

"Any individual, *after any final decision of the Secretary* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action. \* \* \* Such action shall be brought in the District Court of the United States. \* \* \*" (Emphasis added)

Section 205(h) provides:

"The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearings. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except

as herein provided. *No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28* [This section defining jurisdiction of the Federal Courts has been superceded by 28 U.S.C. § 1331 et seq.] *to recover on any claim arising under this subchapter."* (Emphasis added)

The law is clear that:

"[t]he United States, as a sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 586–587, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). In awarding a review of an administrative proceeding Congress has power to formulate the conditions under which resort to the courts may be had. American Power and Light Co. v. S. E. C., 325 U.S. 385, 389, 65 S.Ct. 1254, 89 L.Ed. 1683 (1945). Where a statute creates a right and provides a special remedy, that remedy is exclusive. United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011 (1919)". Dupree v. Richardson, 314 F.Supp. 1260, 1261–1262 (W.D.Pa.1970).

It is clear that Section 202 of the Act created a statutory right to Lump-Sum Death Payments which did not exist at common law. It is just as clear that Section 205(g) is the Congressional formulation of conditions under which resort to the courts may be had. Section 205(g) provides for review of "any final decision of the Secretary" and for no other review. The failure of plaintiff's counsel to file an application effectively prevented the Secretary from making any decision regarding the claim for Lump-Sum Death Payment. Plaintiff has not pursued her administrative remedies. Section 205(g) precludes any review by this court until such remedies are exhausted.

Plaintiff is also precluded from bringing any other action against the Secretary to recover on a claim arising under Title II of the Act. Section 205(h) ex-

plicitly states that subsection (g) provides an exclusive remedy for claims arising under the Act. Coy v. Folsom, *supra.*

Consequently plaintiff is precluded from maintaining an action under § 205(g) since the Secretary cannot render a final decision concerning her claim. Section 205(h) precludes plaintiff from maintaining any other action against the Secretary on this cause of action. The terms of consent of the United States to be sued do not include the instant action and these terms of consent define this court's jurisdiction. United States v. Sherwood, *supra.*

Since there is no genuine issue as to any material fact, and for the reasons set forth above, because defendant is entitled to judgment as a matter of law, an appropriate order therefore shall be entered in favor of defendant.