Margaret I. GUTIERREZ, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of the United States Department of Health and Human Services, Defendant.

No. 80 C 2592.

United States District Court, N. D. Illinois, E. D.

June 2, 1981.

Louisa P. Seston, Lillian O. Johnson, Legal Assistance Foundation of Chicago, Garfield/Austin Legal Services, Barbara L. Samuels, Legal Assistance Foundation of Chicago, Lawndale Legal Services, Chicago, Ill., for plaintiff.

Roderick A. Palmore, Asst. U. S. Atty., Chicago, Ill., for defendant.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is defendant's motion to reconsider this court's order of March 12, 1981 by which plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment were denied. For the reasons hereinafter stated, plaintiff's motion for summary judgment is hereby granted.

This case is an action for judicial review of a final administrative decision by the Secretary of the United States Department of Health and Human Services finding that plaintiff no longer met the definition of disability under Title II of the Social Security Act because she performed substantial gainful activity within the meaning of the Act.

Plaintiff, Margaret I. Gutierrez, was born on August 17, 1946 and has an 8th grade education. She had been employed by Goldblatt's Department Store as a department manager for 7 years before she became ill and was forced to quit in October 1975.

Plaintiff filed an application under Title II of the Social Security Act for disability benefits on January 16, 1976. Plaintiff was found disabled within the meaning of the Act, due to systemic lupus erythematosus and congestive heart failure as of October 24, 1975. Plaintiff began to receive disability benefits in April 1976.

In March, 1976, against her doctor's advice to avoid physical exertion and mental stress, plaintiff returned to work at Goldblatt's. She was assigned to a smaller department and her staff covered for her on tasks that she was physically unable to perform. Plaintiff was absent from work due to illness approximately 4 to 5 days each month. Plaintiff remained employed at Goldblatt's from March of 1976 until January of 1977. When plaintiff returned to work in March of 1976, she notified Social Security that she was working. Plaintiff remained unemployed until August, 1977 when she obtained a job as a clerk typist at Onward Neighborhood House. Plaintiff resigned in February, 1978 and has been unemployed since that date.

On April 10, 1978, plaintiff was informed by Social Security that her work record did not indicate a twelve month period since the finding of disability when she was not engaged in substantial gainful activity. On September 25, 1978, in a Notice of Reconsideration, plaintiff was informed that the determination that she was capable of substantial gainful activity was affirmed. Plaintiff was assessed an overpayment of $18,996.40 for the benefits received during the period of April of 1976 through August of 1978.

On March 6, 1979, a hearing was held before an Administrative Law Judge. The Administrative Law Judge found that plaintiff's employment at Goldblatt's was substantial gainful activity, but that her employment at Onward Neighborhood House was not. It was also found that plaintiff was overpaid $9,453.10 and that recovery could not be waived as plaintiff was not without fault in accepting the overpayment.

Plaintiff appealed the decision to the Appeals Council on July 2, 1979 and advised the Social Security Administration that bankruptcy proceedings had been initiated on June 29, 1979 to discharge the debt. On September 7, 1979, the overpayment of $9,453.10 was discharged by the Bankruptcy Court. The Appeals Council upheld the decision of the Administrative Law Judge on March 19, 1980. Despite the discharge of the overpayment in bankruptcy, the Social Security Administration recovered the full amount of the discharged debt by withholding from plaintiff and her children retroactive benefits, and by making deductions from their benefits thereafter.

Plaintiff contends that because the Social Security Administration did not file an application for determination of dischargeability of the overpayment, the overpayment was effectively discharged when plaintiff's debts were discharged in bankruptcy.

Defendant contends that overpayments incurred under the Social Security Act are not discharged in bankruptcy. Defendant cites 42 U.S.C. § 407 for the proposition that social security benefits are unaffected by the operation of any bankruptcy law. Section 407 provides as follows:

> The right of any person to any future payment under this title shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law. . . .

*In re: Danny Ray Buren, et al,* 6 B.R. 744 (Bkrtcy.M.Dist. of Tenn., Nashville Div., 1980) recently faced the conflicting provisions of the new Bankruptcy Act and the Social Security Act. The District Court held that, notwithstanding the language of 42 U.S.C. § 407, social security benefits are subject to the operation of the bankruptcy laws only insofar as the debtor is allowed voluntarily to include the benefits as property of the estate and the bankruptcy proceeding. The conclusion of the court in *Danny Ray Buren* was that the later-enacted statute effected a repeal of the Social Security Act insofar as the two were in conflict.

Plaintiff listed in her petition for bankruptcy the sum of $9,453.10 as an alleged overpayment of social security disability insurance benefits. Defendant failed to file an objection to discharge within the time period fixed for filing objections. 11 U.S.C. § 523(a)(9)(c) provides:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall ᵛbe discharged from a debt specified in paragraph (2), (4), or (6) of subsection (a) of this section unless, on request of the creditor to whom such debt is owed, and after notice and hearing the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

Sections (a)(2), (4), and (6) are the exceptions to discharge pertaining to false statements, defalcation or larceny misappropriation, and willful and malicious injury which this court believes are the types of claims that had to be raised to justify an exception to discharge for an overpayment found to be accepted not without fault. Defendant failed to initiate these proceedings in the bankruptcy court for an exception to discharge. Therefore, the overpayment was discharged.

Accordingly, it is ordered that plaintiff's motion for summary judgment be and the same is hereby granted. Defendant is ordered to repay to plaintiff all monies withheld from plaintiff subsequent to the filing of her bankruptcy petition.