In re James Arthur ROWAN and Patricia Ann Rowan, Debtors.

James Arthur ROWAN and Patricia Ann Rowan, Debtors-Plaintiffs,

v.

Howard Z. MORGAN, Akron District Social Security Administration, William Driver, Commissioner—Social Security Administration, Richard S. Schweiker, Secretary Department of Health & Human Services, William French Smith, Attorney General, Department of Justice, James R. Williams, U. S. Attorney, Defendants.

Bankruptcy No. 581–31.
Adv. No. 581–0471.

United States Bankruptcy Court,
N. D. Ohio.

Dec. 14, 1981.

Martin L. Olson, Uniontown, Ohio, for debtors.

Randolph Baxter, Asst. U. S. Atty., Cleveland, Ohio, for defendants.

## FINDING AS TO DISCHARGEABILITY

H. F. WHITE, Bankruptcy Judge.

This proceeding was commenced on May 29, 1981 by Debtors, James Arthur Rowan and Patricia Ann Rowan, to determine the dischargeability of a debt alleged to have been discharged by this Court on April 15, 1981. An answer was filed by the United

States of America, on behalf of the federal defendants, on July 15, 1981. This answer was amended on July 24, 1981.

A Stipulation of Facts was filed by the parties on August 7, 1981 pursuant to an Order of this Court dated July 23, 1981. Briefs in support of their respective positions have been filed by both the Plaintiffs and the Defendants. This Court granted permission to Defendants on September 30, 1981 to file a Supplemental Memorandum in response to the Brief which had been filed by Plaintiffs. This Order likewise granted Plaintiffs permission to respond to Defendants' Supplemental Memorandum. No such response was filed by Plaintiffs.

## FINDINGS OF FACT

Debtor, James Arthur Rowan, was notified on November 7, 1980 that the Social Security Administration (hereinafter referred to as "SSA") had determined that he had earned over the allowable amount in income for the year 1979. Because of this, Debtor had received overpayments in benefits from SSA.

On November 24, 1980, Debtor requested a waiver of the overpayment which request was denied on February 5, 1981. Debtor chose not to appeal this decision as he was told by Mrs. Kinney, his caseworker at SSA, that it would be useless to appeal the denial of waiver any further.

On January 12, 1981, debtors filed their Petition in Bankruptcy pursuant to Chapter 7 of the Bankruptcy Reform Act. April 10, 1981 was set as the last day for filing an objection to the discharge of debtors or for filing a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. Section 523.

SSA was not listed as a creditor on Debtors' original petition. On March 10, 1981, Debtors filed an Amendment to their Schedules which amendment added as a creditor the Department of Health and Human Services. The debt was listed as an "overpayment by Social Security benefits during 1979/80" and was listed in the amount of $2,269.00. In addition to service on the Department of Health and Human Services, the amendment requested that William J. Driver, Commissioner of the Social Security Administration; Robert A. Gross, Jr., Acting Director of Operations for the Social Security Administration; and Howard Z. Morgan, District Director, Akron, Ohio for the Social Security Administration be notified of the scheduling of the debt.

The bankruptcy case file shows that a "Notice to Creditor Omitted from the Original Schedules of the Debtor" signed by this Court was sent to the above-mentioned individuals and the Department of Health and Human Services on March 18, 1981 by the Clerk's Office for the Bankruptcy Court. The file does not show that any of said notices were returned to the Clerk's Office. The Court therefore finds that the notices were in fact received by the Department of Health and Human Services; William J. Driver; Robert A. Gross, Jr.; and Howard Z. Morgan.

SSA did not file a proof of claim in this case. Said creditor likewise chose not to file an objection to the discharge of debtors nor to file a complaint to determine the dischargeability of SSA's claim against Debtor.

Debtors do not dispute Social Security's contention that Debtor, James Arthur Rowan, was overpaid in his Social Security benefits. They likewise have not disputed SSA's finding that said Debtor was "at fault" in the receipt of those overpayments. The SSA has admitted in the Joint Stipulation of Facts that Debtor did not act fraudulently in supplying information to SSA which information resulted in the overpayments to Debtor.

There is an inconsistency in the amount due SSA as set forth in Plaintiffs' and Defendants' Briefs. The parties did not stipulate in the Joint Stipulation of Facts to the amount due SSA. Debtors scheduled the debt due SSA in the amount of $2,296.00. SSA states in its Briefs that the amount due for overpayment is $1,079.90. A memorandum from Howard Z. Morgan, District Manager for SSA, to Randolph

Baxter, Assistant U.S. Attorney, dated August 5, 1981, shows the amount due to be $1,186.40. Deductions of $69.00 per month from March 1981 through July 1981 were made, which together with a credit for an underpayment in benefits in 1980 in the amount of $106.50, left a balance due on the overpayment of $734.90. The Court finds that it is the amount of $1,186.40 which was over-paid to Debtor.

The schedules filed by Debtor show that Debtor, James Arthur Rowan, is no longer employed but is retired. Debtor is receiving pension funds in the amount of $168.00 monthly from North Canton Board of Education. Debtors received a discharge in bankruptcy on April 15, 1981.

### ISSUE

The issue is whether the overpayment debt owed by Debtor, James Arthur Rowan, to the Social Security Administration is dischargeable in bankruptcy and whether SSA may offset the amount of $69.00 per month from future benefits due the debtor for recoupment of the overpayment.

### LAW

In an amended answer filed July 24 1981, the United States of America, on behalf of all federal defendants named herein, set forth four affirmative defenses to Debtors' Complaint. Defendants alleged that: 1) the overpayment was not dischargeable in bankruptcy pursuant to a provision of the Social Security Act, 2) Plaintiffs had failed to exhaust their administrative remedies and thus this action was barred, 3) this Court had no jurisdiction as the government had not waived its sovereign immunity herein, and 4) the federal government is a secured creditor due to its statutory right of recoupment. For the reasons set forth below, the Court rejects each of these defenses and finds that the overpayment debt in question is a dischargeable debt.

The Defendants have raised two issues which are jurisdictional in nature—exhaustion of administrative remedies and sovereign immunity. The Court will therefore address the jurisdictional issues first.

When a Social Security benefit recipient receives notice that he has been overpaid, he may file a request for reconsideration and waiver of the overpayment with SSA. 20 C.F.R. Section 404.907. Following the reconsideration, the individual has a right to a hearing conducted by an administrative law judge appointed by the Associate Commissioner for Hearings and Appeals or his delegate. 20 C.F.R. Section 404.929. That decision may then be reviewed by the Appeals Council of the Bureau of Hearings and Appeals in the Social Security Administration. 20 C.F.R. Section 404.967. The decision of the Appeals Council then becomes the final decision of the Secretary. *Baker v. Gardner*, 362 F.2d 864 (3d Cir. 1966). The final decision of the Secretary is made reviewable by a civil action in the federal district court pursuant to 42 U.S.C. Section 405(g).

Review by the federal district court is conditioned upon the timely exhaustion of the successive steps of review by SSA. *Messing v. Finch*, 322 F.Supp. 1279 (E.D.Pa. 1971); *Bohn v. Finch*, 320 F.Supp. 270 (E.D. La.1970).

It is the Government's argument that Debtor's failure to exhaust his administrative remedies as allowed him under SSA's regulations bars Debtor from alleging the dischargeability of the overpayment debt in this Court. The Government cites a case from the Bankruptcy Court for the Central District of Illinois wherein it is stated that the Plaintiff's failure to exhaust his administrative remedies makes SSA's determination that Plaintiff was "at fault" for the overpayment binding. *In Re Neavear*, Case No. 180–00419, Adv. No. 180–0212 (Bkrtcy. C.D.Ill.1981), appeal docketed, No. 81–1860 (7th Cir.).

Debtor herein is not seeking a review of SSA's determination that he was at fault in the overpayment. Indeed, in his Brief, Debtor admits that he is indebted to SSA and states further that what he is seeking herein is not a trial on the merits as to SSA's claim. Instead, Debtor, while admitting the validity of the debt, seeks a deter-

mination that this Court's Order, dated April 15, 1981, discharged the debt to SSA.

■ An individual is not required to exhaust his administrative remedies prior to commencing a civil action in the federal courts where the relief sought in the civil action may not be granted by the administrative agency in question. *United States Alkali Export Association, Inc. v. United States of America*, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554 (1945). Thus, in *Finnerty v. Cowen*, 508 F.2d 979 (2nd Cir. 1974), Plaintiff, without exhausting his remedies, commenced a civil action alleging that reductions made under the Social Security and Railroad Retirement Acts were unconstitutional. The district court dismissed for failure to exhaust administrative remedies.

The Court of Appeals for the Second Circuit reversed. The Court held that a federal agency has no authority to determine the constitutionality of administrative procedures. As Plaintiff sought a determination which could not be made by a federal agency, he was not required to first exhaust his administrative remedies. See also *School District of City of Saginaw, Mich. v. U. S. Dept. of HEW*, 431 F.Supp. 147 (E.D.Mich. 1977); *Plano v. Baker*, 504 F.2d 595 (2d Cir. 1974).

■ SSA has no power or ability to determine the dischargeability of a debt in bankruptcy. The review provided for in the Regulations concerns itself with the propriety of the determination of overpayment made by SSA and the availability of waiver to the overpaid recipient. These issues are not in dispute herein. As Debtor does not seek review of SSA's determination that Debtor was "at fault" in the overpayment and as SSA cannot make a determination as to the dischargeability of a debt in bankruptcy, Debtor was not required to exhaust his administrative remedies in order to file the complaint herein.

■ The second jurisdictional issue presented this Court is that of sovereign immunity. The Government argues that because it filed no proof of claim herein, it has not waived its sovereign immunity and

thus this Court does not have jurisdiction. Defendants' argument must be rejected.

An argument similar to that raised by SSA herein was raised by the Internal Revenue Service under the former Bankruptcy Act in *In Re Gwilliam*, 519 F.2d 407 (9th Cir. 1975). In that case, the Bankrupt filed a complaint to determine the dischargeability of federal taxes due Internal Revenue Service by the Bankrupt. The Internal Revenue Service failed to file a proof of claim in the bankruptcy. Upon the filing of the complaint to determine dischargeability, Internal Revenue Service contended that the Bankruptcy Court had no jurisdiction over the complaint as the Government had not waived sovereign immunity.

The Court held that the adoption of former section 17(c) [11 U.S.C. Section 35(c)], granting the Bankruptcy Court jurisdiction to determine the dischargeability of any debt, gave the Court jurisdiction to determine the dischargeability of a federal tax debt notwithstanding the failure of the Government to file a proof of claim. The holding in *In re Gwilliam*, supra, was codified in 11 U.S.C. Section 106(c). 124 Cong. Rec.H. 11,091 (Sept. 28, 1978); S. 17,407 (Oct. 6, 1978).

Like the complaint in *Gwilliam*, the complaint herein seeks a determination of the dischargeability of a debt due the federal government. This Court has jurisdiction over the same pursuant to 28 U.S.C. Section 1471. Accordingly, the failure of the Government to file a proof of claim does not deny this Court jurisdiction over the complaint. *In Re Gwilliam, supra.*

Additionally, social security benefits are property of the estate pursuant to 11 U.S.C. Section 541(a)(1). *In Re Buren*, 6 B.R. 744 (M.D.Tenn.1980), appeal docketed, No. 80–5427 (6th Cir.); *In Re Hughes*, 7 B.R. 791, 7 B.C.D. 12 (Bkrtcy.E.D.Tenn.1980). The Bankruptcy Court is empowered under 11 U.S.C. Section 105(a) to "issue any order . . . necessary or appropriate to carry out the provisions of this title." The relief sought by Debtors herein is necessary or appropriate to carry out the provisions of Title 11 as it seeks to protect property of

the estate. This Court has jurisdiction over this complaint and thus Defendants' first two arguments must be rejected.

■ Defendants next argue that the overpayment debt is not dischargeable pursuant to Section 207 of the Social Security Act. 42 U.S.C. Section 407 provides that:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

Defendants rely on this section for their contention that Social Security payments are not subject to bankruptcy law. Therefore, it is argued, the debt could not be discharged.

The argument raised by Defendants was recently rejected in a case before the District Court for the Northern District of Illinois, *In Re Gutierrez*, 15 B.R. 268 (N.D. Ill.1980), appeal docketed, Case No. 81–2243 (7th Cir.). That Court held that as SSA had failed to file an objection to discharge, the overpayment debt was discharged pursuant to 11 U.S.C. Section 523(c). The Court was of the opinion that the only objections that could possibly have been raised by SSA in a complaint were those set forth in 11 U.S.C. Section 523(a)(2), (4), and (6). As these debts are discharged if timely complaint to determine dischargeability is not filed and as no such complaint was filed, the SSA overpayment was discharged in bankruptcy.

This Court approves of and follows the holding in *Gutierrez*. Defendants herein failed to file a complaint to determine the dischargeability of the SSA debt pursuant to 11 U.S.C. Section 523. As in *Gutierrez*, the sole grounds which appear to be available to Defendants under 11 U.S.C. Section 523(a) are those set forth in Subsections (2), (4), and (6). No complaint having been filed, 11 U.S.C. Section 523(c) renders the overpayment dischargeable. Moreover, this Court notes that SSA has stipulated that no element of fraud was involved in the over-

payment on the part of Debtor, James Arthur Rowan. Accordingly, it is doubtful whether SSA would have had any grounds whatsoever under 11 U.S.C. Section 523 to object to the dischargeability of SSA's claim.

■ Defendants have argued strenuously that the notice given them by Debtors of the scheduling of the debt owed to SSA was insufficient. In addition to the Department of Health and Human Services, three individuals with highly responsible positions within SSA were served with notice of the filing of the Bankruptcy proceeding. This Court finds that the notice given SSA was sufficient to put that agency on notice of the pendency of the proceedings in this Court. If SSA believed that it could not file an objection to discharge or complaint to determine dischargeability within the time limits set by this Court, a request for extension of time could have been sought from the Court. Due to the fact that SSA was added as a creditor nearly two months after the Petition was filed and just one month before the last day to file objections to discharge, this Court would, no doubt, have granted SSA an extension of time to file any objections it had.

■ The Legislative History surrounding the Bankruptcy Reform Act of 1978 supports the holding that the SSA overpayment is a dischargeable debt. Shortly before the Reform Act was signed into law on November 6, 1978, in discussions in both the House of Representatives and the Senate, it was stated that: "Section 327 of the House Amendment adopts a comparable provision contained in the House bill consistent with the policy that all nondischargeable debts should be enumerated in section 523 of title 11." 124 Cong.Rec. S 17,425 (daily ed. Oct. 6, 1978); 124 Cong.Rec.H. 11,108 (daily ed. Sept. 28, 1978). The Section referred to in this passage from the Congressional Record is the section in the Reform Act which repealed 42 U.S.C. Section 656(b). That section had made nondischargeable in bankruptcy cases brought under the former Act those debts representing child support obli-

gations assigned to the state pursuant to 42 U.S.C. Section 602(a)(6). By repealing this section, and as expressly set forth in the Congressional Record, Congress evidenced its intent that all nondischargeable debts be set forth in 11 U.S.C. Section 523, rather than declaring debts to be nondischargeable in various titles of the United States Code.

SSA overpayments are not set out in Section 523 as being nondischargeable debts. The overpayment debt is therefore dischargeable in keeping with Congress' expressed policy that all debts not specifically enumerated in Section 523 be dischargeable.

This Court's holding is not inconsistent with the purpose behind 42 U.S.C. Section 407. It has been said that the purpose of this section is to protect the Social Security benefits recipient and those dependent upon him from the claims of creditors. *Brown v. Brown*, 32 Ohio App.2d 139, 61 Ohio Op.2d 162, 282 N.E.2d 852 (C.A. Cuyahoga 1972). Indeed, the practical effect of this holding is to ensure that Debtor, James Arthur Rowan, receives the full monthly benefit payment to which he is entitled without reduction for the overpayments made to him by SSA, thus protecting Debtor and his dependents. Such an effect is entirely in keeping with the purpose of 42 U.S.C. Section 407.

Defendant's final argument states that SSA has a statutory right of recoupment pursuant to 42 U.S.C. Section 404. This right, it is argued, renders SSA a secured creditor. This Court has held, however, that the overpayment debt was discharged in its Order dated April 15, 1981 which relates back to the filing date of the Petition in Bankruptcy on January 12, 1981. As the debt has been discharged, there is nothing to recoup.

■ Defendants' characterization of its claim as a secured claim likewise must fail. Under the Code, a security interest, such as would render a claim secured, must be created by agreement between the parties or by a statutory provision. 11 U.S.C. Sections 101(35), (36), (37), and 506(a). There is no agreement between the parties herein to create a security interest. Although 42

U.S.C. Section 404 does provide for a right of recoupment, *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), it does not provide for the creation of a security interest in favor of SSA. As such, SSA is not a secured creditor.

Moreover, Debtor is entitled to Social Security benefits only until the month "preceding the month in which he dies". 42 U.S.C. Section 402(a). Continued receipt of benefits is conditioned upon Debtor living each full month. Only after Debtor survives for a full month is he entitled to benefits for that month.

Thus, on January 12, 1981 when Debtors filed their Petition in Bankruptcy, Debtor was not yet entitled to his January benefits payment as he had not yet survived the month. As Debtor would have received his December benefits payment by that date, no security for the overpayment debt existed on that date.

■ The right of setoff, found in 11 U.S.C. Section 553, also would not apply herein. On January 12, 1981 when the Petition was filed, there was no fund held by SSA against which it could off-set the debt owed it. This is due to the fact that Debtor was not yet entitled to Social Security benefits for January as he had not yet survived the month. As the fund against which the right of set-off is to be exercised must be in existence as of the commencement of the case, 11 U.S.C. Section 553(a), the right of set-off could not be utilized herein.

## CONCLUSION

This Court having jurisdiction over the complaint to determine dischargeability of the SSA overpayment, it is the Court's holding that the overpayment debt is a dischargeable debt and was discharged in this Court's Order of Discharge dated April 15, 1981.

## ORDER AS TO DISCHARGEABILITY

Pursuant to the Finding as entered by this Court on the 14th day of December 1981;

IT IS ORDERED:

1.  that the Social Security Administration overpayment debt due from the Debtor-Plaintiff to the Defendant is a dischargeable debt pursuant to 11 U.S.C. 523(c) and was in fact discharged by the Court's Order of Discharge as entered on April 15, 1981.

2.  that the Social Security Administration is enjoined from making any future deductions from Debtor-Plaintiff's monthly benefit payment for the purpose of collecting the discharged overpayment debt to Social Security Administration.

3.  that the Social Security Administration pay to the Debtor-Plaintiff that amount of money representing the deductions made from debtor's monthly benefit checks commencing March, 1981 through the date of this order.