In re Mary Frances FRENCH, Debtor.

Mary Frances FRENCH, Plaintiff,

v.

UNITED STATES SOCIAL SECURITY ADMINISTRATION and Robert K. Morrow, Trustee, Defendants.

Bankruptcy No. 381–01762.
Adv. No. 81–0547.

United States Bankruptcy Court,
D. Oregon.

May 20, 1982.

Amy Levinson, Portland, Or., for plaintiff.

William B. Borgeson, Portland, Or., for defendant.

OPINION GRANTING SUMMARY JUDGMENT TO PLAINTIFF, ENJOINING UNITED STATES SOCIAL SECURITY ADMINISTRATION

DONAL D. SULLIVAN, Bankruptcy Judge.

The debtor, a retired state employee, filed a complaint to enjoin the United States Social Security Administration (SSA) from offsetting a prebankruptcy overpayment of Social Security benefits against postbankruptcy benefits. Plaintiff also sought to hold the government in contempt and to recover attorneys' fees and other costs. The government, without answering, filed a motion for summary judgment which was supported by a memorandum and affidavit.

Except for benefits paid during the time taken by the agency to determine whether it should mitigate its demand and the restoration of benefits after the filing of the bankruptcy complaint, the government has executed its offset and plans to continue to do so, although it was scheduled and notified of the bankruptcy and the discharge.

SSA contended that an overpayment of Social Security benefits is not dischargeable in bankruptcy because the language of 42 U.S.C. § 407 of the Social Security Act which predated the Bankruptcy Reform Act of 1978 (BRA) by over thirty years exempts Social Security benefits from "the operation of any bankruptcy or insolvency law".

I find that the debtor is entitled to summary judgment declaring that the debt owing to SSA is discharged in bankruptcy and enjoining the government from attempting to offset this obligation against postbankruptcy Social Security benefits. The government is entitled to summary judgment in its favor on the issue of contempt.

Of the three courts that have considered the question of whether an overpayment debt owed to SSA is dischargeable, two have made findings consistent with this Court. *In Re Rowan*, 15 B.R. 834, 5 C.B. C.2d 1008 (Bkrtcy.N.D.Ohio 1981); *In Re Gutierrez*, 15 B.R. 268 (D.C.N.D.Ill.1981) (appeal pending, 7th Cir.). Two other recent cases found that 42 U.S.C. § 407 was implicitly repealed by BRA where it conflicted with Chapter 13 of BRA. *In Re Buren*, 4 B.R. 109, 6 B.C.D. 828 (Bkrtcy.M. D.Tenn.1980) (appeal pending, 6th Cir.); *In Re Charles Frank Hughes*, 7 B.R. 791, 7 B.C.D. 12 (Bkrtcy.E.D.Tenn.1980).

There is no conflict between 42 U.S.C. § 407 and 11 U.S.C. § 524(a), 727(b) and, consequently, there is no question of repeal of the older Social Security provision by implication. 42 U.S.C. § 407 is a statutory spendthrift provision which exempts the past and future benefits of a retiree, not only from his creditors but from his trustee in bankruptcy. It has nothing to do with the government's right to recoup overpayments which is dealt with in a separate section or with the dischargeability of that right which most recently is prescribed in § 524(a) and § 727(b) of the Bankruptcy Code. The statute is intended to benefit the retiree and not the government. *French v. Director*, 92 Mich.App. 701, 285 N.W.2d 427 (1979); *Brown v. Brown*, 32 Ohio App.2d 139, 288 N.E.2d 852 (1972). The government's interpretation of 42 U.S.C. § 407 takes the statute out of context and is an improper attempt to fashion a shield into a sword to be used against the intended beneficiary of the law.

The real issue is not whether there is a repeal by implication but rather whether the Bankruptcy Code by implication made an exception from discharge for the government's right to recoup Social Security overpayments from Social Security benefits un-

der 42 U.S.C. § 404. § 524 and § 727(b) of the Bankruptcy Code "discharge" all obligations except for specified exceptions and it is an abuse of language to equate discharge with "repeal" for purposes of building an argument upon the proposition that repeals by implication are not favored.

The fact that the new Bankruptcy Code makes specific and limited provision for the nondischargeability of certain debts owing to the government coupled with waiver of sovereign immunity and a general grant of original jurisdiction is strong evidence that Congress did not intend the government's ability to recoup Social Security benefits under 42 U.S.C. § 404 to escape § 727(b) and § 524 of the Code. § 523(a)(1), (7) and (8) of the Code makes nondischargeable certain nonstale taxes, fines and penalties, and certain student loans. § 106(c) of the Code waives sovereign immunity and 28 U.S.C. § 1471(b) grants general jurisdiction to the Bankruptcy Court and to the District Court. As further evidence of the Bankruptcy Code's evident purpose to deal with dischargeability of government claims to the exclusion of other statutes, § 525 prohibits the government from discriminating against any person who has filed for relief under the Bankruptcy Code. Finally, legislative history as quoted *In Re Rowan, supra*, supports the proposition that all nondischargeable debts were intended to be placed in § 523 of the Code and not elsewhere.

■ The overriding purpose of all bankruptcy laws is to relieve the debtor from the weight of oppressive indebtedness and to provide him with a fresh start. *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). Since the exceptions to dischargeability substantially frustrate the fresh start objective of the bankruptcy laws and the rehabilitative goal of the discharge provisions, they are to be strictly construed against an objecting creditor and in favor of the debtor's right to the discharge of his debts. *Iowa State Dept. of Social Services v. Morris*, 10 B.R. 448, 4 C.B.C.2d 332 (Bkrtcy.N.D.Iowa, 1981).

■ The fact that the debtor failed to pursue an appeal of SSA's decision to set off the overpayments against the debtor's future entitlement is irrelevant to the present case. An individual is not required to exhaust his administrative remedies prior to commencing a civil action in the federal courts where he seeks a determination which cannot be made by an administrative agency. *United States Alkali Export Association v. U. S.*, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554 (1945).

■ The government as an entity cannot be held in contempt by one of its own courts and, in any event, there is no evidence that the involved person representing the government° acted with the required intent.

For the foregoing reasons, the debtor is entitled to summary judgment.

## JUDGMENT DECLARING DEBT TO UNITED STATES OF AMERICA TO BE DISCHARGED

Based upon a separate order granting summary judgment to the Plaintiff herein and for the reasons stated in that order,

IT IS ORDERED AND ADJUDGED that all prebankruptcy debts owing from Plaintiff, Mary Frances French, to the Defendant, United States of America, acting through the Social Security Administration, are declared to be discharged in bankruptcy and the United States of America is hereby declared to be enjoined by 11 U.S.C. 524(a) and 727(b) from enforcing such debt by offset against any postbankruptcy Social Security benefits to which Plaintiff may be entitled, or otherwise, and

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant shall restore to Plaintiff any benefits accruing after bankruptcy which Plaintiff otherwise should have received, and

IT IS FURTHER ORDERED AND ADJUDGED that other relief requested by Plaintiff is denied.