**In the Matter of Erwin M. HAWLEY and Shirley A. Hawley, Debtors.**

**Erwin M. HAWLEY and Shirley A. Hawley, Plaintiffs,**

v.

**UNITED STATES of America Social Security Administration Bureau of Disability Insurance, Defendant.**

**Bankruptcy No. 80–00184.**
**Adv. No. 80–0054.**

United States Bankruptcy Court,
E. D. Michigan, N. D.

Sept. 27, 1982.

address the issue since there are no Kansas statutes which provide an exemption for the pension plans in question.

Arthur J. Spector, Bay City, Mich., for plaintiffs.

Richard Vary, Asst. U. S. Atty., Bay City, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER,

HARVEY D. WALKER, Bankruptcy Judge.

Erwin M. Hawley and Shirley A. Hawley filed a Voluntary Petition under Chapter 7 of Title 11 of the United States Code on April 9, 1980. They listed as one of their creditors the Social Security Administration. The basis of the debt was some $4109.29 overpayment in disability benefits. From approximately April, 1976, the Plaintiff, Erwin M. Hawley, was legitimately receiving Social Security benefits from Defendant, Social Security Administration. From approximately January, 1978, through approximately June, 1978, (according to the Plaintiffs, or from approximately February, 1978 through January, 1979, according to the Defendant) Mr. Hawley received Social Security benefits, although he acknowledged that he was not entitled to the same and attempted on various occasions to both return the checks and to notify the Social Security Administration of its error in sending him the checks. Nonetheless, the Social Security Administration continued to send Social Security checks to Mr. Hawley, which Mr. Hawley eventually cashed and used. Commencing in March of 1979, the Social Security Administration made claim against the Plaintiffs for the amount of benefits they had improperly accepted. The Social Security Administration commenced proceedings to establish the fact of the overpayment. The Plaintiffs exercised their remedies in the administrative process, but eventually, the determination that the Plaintiffs were "at fault" for the overpayment was finally made. Their request for waiver of the overpayment was also denied by the Social Security Administration.

On various occasions, the Plaintiffs were advised by the Social Security Administration that as they were "at fault" for the overpayment, the Social Security Adminis-

tration would set off this obligation against benefits legitimately earned upon the retirement of the Plaintiffs, and that, therefore, the Plaintiffs could expect not to receive their Social Security benefits upon retirement until the overpayment was liquidated.

The Debtors have filed a Complaint for Declaratory Relief and seek a ruling from the Bankruptcy Court that would bar the Social Security Administration from setting off the overpayment of $4109.20 from the Hawleys' prospective Social Security Retirement payments.

Although the issue of whether or not the amount of the overpayment is dischargeable in bankruptcy is a case of first impression in this Court, it has been addressed by other Courts. One such case is *In re Rowan*, 5 C.B.C.2d 1008, 15 B.R. 834 (Bkrtcy.N.D.Ohio 1981). In *Rowan*, the Debtor, James Arthur Rowan, was determined to have received overpayments in benefits from the Social Security Administration. In both the cases before this Court and *Rowan* the Social Security Administration chose not to file a Proof of Claim or an objection to the discharge of the Debtors to determine the dischargeability of the Social Security Administration's claims against the respective Debtors. Neither of the Debtors dispute the Social Security Administration's finding that the Debtors were "at fault" in the receipt of the overpayments.

In *Rowan*, as in the instant case, the Social Security Administration alleged that:

1. The overpayment was not dischargeable in bankruptcy pursuant to a provision of the Social Security act.

2. Plaintiffs had failed to exhaust their administrative remedies and thus this action was barred.

3. This Court had no jurisdiction as the government had not waived its sovereign immunity herein, and

4. The Federal Government is a secured creditor due to its statutory right of recoupment.

The Court in *Rowan,* however, rejected each of these affirmative defenses and found that the overpayment was dischargeable in Bankruptcy.

The Court held that the Debtor did not have to seek an administrative review of the Social Security's determination that he was at fault in the overpayment. "An individual is not required to exhaust his administrative remedies prior to commencing a civil action in the federal courts where the relief sought in the civil action may not be granted by the administrative agency in question." *United States Alkali Export Association, Inc. v. United States,* 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554 (1915); Id. 5 C.B.C.2d at 1012, 15 B.R. 834. The Court stated that as the Social Security Administration had no power or ability to determine the dischargeability of a debt in bankruptcy, the Debtor was not required to exhaust his administrative remedies.

As to the Social Security Administration's claim that because it filed no Proof of Claim and had, therefore, not waived its sovereign immunity, the Court found that it did have jurisdiction to determine the claim. To substantiate its decision, the Court cited the case of *In re Gwilliam,* 519 F.2d 407 (9th Cir. 1975). This case has been codified in 11 U.S.C. § 106(c). That section provides:

"(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity (1) a provision of this title that contains 'creditor', 'entity', or 'governmental unit' applies to governmental units; and (2) a determination by the Court of issue arising under such a provision binds governmental units."

The Social Security Administration argued that the overpayment was not dischargeable pursuant to Section 207 of the Social Security Act, 42 U.S.C. § 407. This section provides that:

"The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this sub-chapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or the operation of any bankruptcy or insolvency law."

The *Rowan* Court disagreed with this assumption and in doing so relied on the case of *In re Gutierrez,* Bankruptcy L Rep (CCH) ¶ 68,080 (N.D.Ill.1980). The Court in *Gutierrez* "was of the opinion that the only objections that could possibly have been raised by the Social Security Administration in a complaint were those set forth in 11 U.S.C. § 523(a)(2), (4) and (6). As these debts are discharged if a timely complaint to determine dischargeability is not filed, and as no such complaint was filed, the Social Security overpayment was discharged in bankruptcy." *Rowan* at 1014. In the instant case since the Social Security Administration has not filed a complaint to determine the dischargeability of the debt, 11 U.S.C. § 523(c) renders the overpayment dischargeable.

The Court in *Rowan* also stated that it was Congress' express policy that all debts not specifically enumerated in Section 523 are dischargeable. Since Section 523 does not list Social Security Administration overpayments as nondischargeable the debt to the Social Security Administration's claim is dischargeable.

The Social Security Administration's final argument is that it has a statutory right of recoupment pursuant to 42 U.S.C. § 404 and that this right makes it a secured creditor. As the Court had already found the debt to be dischargeable, it held there was nothing for the Social Security Administration to recoup. The Court also found that while 42 U.S.C. § 404 does provide for a right of recoupment, the section does not create a security interest in favor of the Social Security Administration.

The 7th Circuit Court of Appeals has also addressed this question in *In re Neavear,* 6 C.B.C.2d 367, 674 F.2d 1201 (7th Cir. 1982). The *Neavear* Court found that Section 207 of the Social Security Act which provides that Social Security funds shall not be subject to Bankruptcy Laws provides only an exemption from the Bankruptcy Laws for

the benefits of Social Security recipients. The section was not intended to operate so as to prevent a debtor from obtaining a discharge of a debt owed to the Social Security Administration because of an overpayment. The Court went on to state that not every Social Security recipient who receives an overpayment of benefits will be allowed to discharge such a debt through bankruptcy. For such a debt to be held nondischargeable under Section 523 of the Bankruptcy Code, the Social Security Administration will have to demonstrate that the debt is nondischargeable under either 523(a)(2), (6) or (4). This Court adopts the rationale of both *In re Rowan,* 5 C.B.C.2d 1008, 15 B.R. 834 (Bkrtcy.N.D.Ohio 1981) and *In re Neavear,* 674 F.2d 1201 (1982). The debt created by the overpayment of Social Security benefits to Mr. Hawley is, therefore, dischargeable and the Social Security Administration is ordered not to withhold the Plaintiff's Social Security benefits when earned or to offset or to attempt to offset the overpayment obligation against future benefits.

IT IS SO ORDERED.