**In re Susan V. HAGAN, Debtor.**

**Susan V. HAGAN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Bankruptcy No. 8300827.**

United States Bankruptcy Court,
D. Rhode Island.

Oct. 24, 1984.

John Rao, Rhode Island Legal Services, Providence, R.I., for plaintiff.

Everett C. Sammartino, Asst. U.S. Atty., Providence, R.I., for defendant.

## DECISION ON DEBTOR'S MOTION FOR ATTORNEY'S FEES

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On June 4, 1984, this Court entered a decision and judgment in favor of the debtor, Susan Hagan, holding that the Social Security Administration's (SSA) retention of her post-petition benefits was a violation of the automatic stay, 11 U.S.C. § 362. *See Hagan v. Heckler (In re Hagan)*, 41 B.R. 122, 11 B.C.D. 1370 (Bankr.D.R.I. 1984). In that decision, we reserved ruling on Hagan's request for attorney's fees until the filing of additional memoranda.[1] Because the facts and conclusions concerning the merits of the controversy are stated in full in our June 4 opinion, we include here only those facts necessary to the resolution of the instant request for attorney's fees.[2]

Hagan, a recipient of Supplemental Security Income (SSI) benefits, filed a Chapter 7 petition on December 6, 1983. The filing of that petition triggered 11 U.S.C. § 362, which operates, among other things, to stay actions by a creditor to offset a claim by such creditor against a debt owing to the debtor. *See* 11 U.S.C. § 362(a)(7). Hagan was notified by SSA on December 12, 1983 that it intended to recover overpayments previously made to her by withholding thirty dollars per month from her future SSI benefits, and pursuant to that notification thirty dollars were withheld from Hagan's SSI check for February 1984, and again for March 1984. Hagan then filed this action to enjoin the government from continuing to withhold, and to recover the full amount due for February and March. That prior overpayments had been made to Hagan, and the amount of overpayment, was not disputed (SSA was listed as a creditor in the correct amount on Hagan's schedules). Solely at issue was SSA's authority to collect the overpayments, notwithstanding the automatic stay provisions of 11 U.S.C. § 362. The government advanced two theories to support its position. We found no merit in either argument and concluded that SSA's claim for overpayments was a dischargeable debt not subject to recoupment. Based on those findings, Hagan requests attorney's fees. Briefs have been filed, and Hagan (who is represented by counsel for Rhode Island Legal Services) requests attorney's fees on two grounds: (1) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A);[3] and (2) pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 7054.

## ATTORNEY'S FEES UNDER EAJA

Section 2412(d)(1)(A) of EAJA allows attorney's fees to prevailing parties in actions by or against the federal government:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the

---

**1.** On June 25, 1984, SSA filed a Notice of Appeal of our June 4, 1984 decision. SSA does not challenge this Court's continuing jurisdiction to decide the matter of attorney's fees, but has incorporated in its appeal a request for review of any fee awarded.

**2.** The following opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rules 7052 and 9014.

**3.** EAJA adopted October 21, 1980 and effective October 1, 1981, was enacted as Title II, §§ 201–208, of the Small Business Export Expansion Act, Pub.L. No. 96–481, 94 Stat. 2325 (1980).

position of the United States was substantially justified or that special circumstances make an award unjust.

In the case at bar, it is not disputed that EAJA applies to actions arising under the Social Security Act.[4] Nor is it argued that fees should be denied because Hagan was represented by a legal services attorney, and "incurred" no actual expenses.[5] Finally, the government concedes that Hagan is a "prevailing party" within the meaning of the statute. Government's Brief at 2. Hagan is entitled, therefore, to reasonable attorney's fees unless the government establishes that its position was "substantially justified" or that "special circumstances make an award unjust." *See Spencer v. NLRB*, 712 F.2d 539, 557 (D.C.Cir.1983); H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10–11 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News at 4953, 4989.

■ Here, there are no "special circumstances" that would make an award against the government unjust. All of the equities favor the plaintiff-debtor whom the government wrongfully deprived of subsistence-level benefits. The government did not suggest that overpayments to Hagan were obtained through fraud, and it was always conceded that Hagan is eligible for benefits under the SSI provisions applicable to individuals who are aged, blind, or disabled and whose income falls below certain minimum rates. *See Moholland v.*

*Schweiker*, 546 F.Supp. 383, 386 (D.N.H. 1982) (no special circumstances where equities clearly favor the plaintiff). Therefore, it remains to be determined whether the government's position was substantially justified, within the context of EAJA legislation.

According to the legislative history, the "substantially justified" standard is one of reasonableness: "Where the government can show that its case had a reasonable basis in law and fact, no award will be made." H.R.Rep. No. 1418, *supra,* at 4989; S.Rep. No. 253, 96th Cong., 1st Sess. 6 (1979). The statute was not intended to provide for an automatic award of attorney's fees to parties who prevail against the government, but where the government takes an unreasonable position (it need not be arbitrary or vexatious), prevailing parties should not have to bear the full financial burden of establishing their rights. *See* H.R.Rep. No. 1418, *supra;* S.Rep. No. 253, *supra; see also Cinciarelli v. Reagan*, 729 F.2d 801 (D.C.Cir.1984); *Spencer v. NLRB, supra; Goldhaber v. Foley*, 698 F.2d 193 (3rd Cir.1983). The legislative history makes it clear that the standard "is intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous." *Hornal v. Schweiker, supra,* at 617 (quoting H.R. Rep. No. 1418, *supra,* at 4993).

---

**4.** Although not raised here, the issue of whether EAJA is applicable to actions under the Social Security Act has been raised by the government in other courts. We note, solely to avoid any possible claim of oversight, that we agree with the reasoning of at least three courts which have held, or recognized implicitly, that EAJA *is* applicable to cases under Title II of the Social Security Act. *See Wolverton v. Schweiker*, 533 F.Supp. 420, 423 (D.Idaho 1982); *Ocasio v. Schweiker*, 540 F.Supp. 1320, 1323 (S.D.N.Y. 1982); *MacDonald v. Schweiker*, 553 F.Supp. 536, 538 (E.D.N.Y.1982). In those cases the government contended that because section 206 of the Social Security Act provides for attorney's fees and because EAJA was intended to apply only "[e]xcept as otherwise specifically provided by statute," *see* 28 U.S.C. § 2412(d)(1)(A), EAJA was preempted by section 206. Section 206, however, unlike EAJA, does not authorize fee awards against the *government;* the conditional

language of EAJA does not, therefore, foreclose its application to actions like the one at bar, arising under the Social Security Act.

**5.** There is some disagreement concerning the EAJA phrase "fees ... incurred," and one court has held that there can be no award to a legal services attorney where the prevailing party was not obligated to compensate counsel for representation. *See Cornella v. Schweiker*, 553 F.Supp. 240 (D.S.D.1982). Our position is the same as that adopted by the majority of courts: an award under EAJA for "fees ... incurred" means compensation for the fair market value of legal services rendered, without reference to the particular fee arrangements between the attorney and the client. *See Hornal v. Schweiker*, 551 F.Supp. 612 (M.D.Tenn.1982); *Ocasio v. Schweiker, supra; Underwood v. Pierce*, 547 F.Supp. 256 (C.D.Cal.1982). *See also* H.R.Rep. No. 1418 at 4994, 96th Cong., 2d Sess. 15 (1980).

In support of its contention that its position was substantially justified, SSA points out that part of our June 4 opinion which states:

> The debtor's request for the imposition of sanctions against the Secretary for civil contempt is denied, because the much litigated nature of these issues had left open to question whether the retention of funds was per se a violation of the automatic stay.

*In re Hagan, supra,* at 128, *quoted in* Government's Brief at 9.

▮ Contrary to the government's assumption, our refusal to impose contempt sanctions is not tantamount to a finding that the government's position was substantially justified in litigating the issues. These two issues are quite separate and distinct, as are the standards to be applied to each of them. In determining whether to impose sanctions for contempt, we were concerned primarily with the government's *pre-litigation* conduct, i.e., the arbitrary withholding of a portion of the debtor's benefits for the months of February and March 1984. Although several courts, in relative isolation, have broadened the scope of inquiry to include pre-litigation conduct giving rise to the lawsuit, *e.g., Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348 (D.D.C. 1982), the majority have held that the position which must be substantially justified to avoid payment of attorney's fees to the prevailing party is the government's *litigation* position. *See, e.g., Cinciarelli v. Reagan, supra,* at 804; *S & H Riggers and Erectors, Inc. v. Occupational Safety & Health Review Comm.,* 672 F.2d 426 (5th Cir.1982); *Operating Engineers v. Bohn,* 541 F.Supp. 486 (D.Utah 1982). We follow the majority view, and will consider the reasonableness of the government's litigation position (not its pre-litigation conduct) in determining whether its action was substantially justified.

In litigating the underlying action, the government raised two defenses which must be separately considered, because partial awards are contemplated under EAJA's statutory scheme. If some, but not all, of the government's defenses are substantially justified, the prevailing party should be compensated for responding to those that are not. *See Cinciarelli v. Reagan, supra,* at 804–05; *Spencer v. NLRB, supra,* at 557 (partial awards "would induce government counsel to evaluate carefully each of the various claims they might make in a particular controversy, and to assert only those that are substantially justified"); *Goldhaber v. Foley, supra,* at 197.

The government's first defense on the merits was that SSA's collection actions are exempt from the operation of bankruptcy laws, pursuant to section 207 of the Social Security Act, 42 U.S.C. § 407. SSA had previously raised this argument before several courts, all of which had rejected it. *See, e.g., Neavear v. Schweiker (In re Neavear),* 674 F.2d 1201 (7th Cir.1982); *French v. United States (In re French),* 20 B.R. 155 (Bankr.D.Or.1982); *Hawley v. United States (In re Hawley),* 23 B.R. 236 (Bankr.E.D.Mich.1982); *Rowan v. Morgan (In re Rowan),* 15 B.R. 834 (Bankr.N.D. Ohio 1981). The legislative history of § 207 and its 1983 amendment, subsection (b), clearly indicates that the statute's purpose is to protect welfare recipients from losing benefits to creditors, and not, as the government contended, to protect SSA from the bankruptcy of recipients. Notwithstanding the authorities mounted against it, SSA raised the identical argument yet another time, before us, and we joined those other courts in rejecting it. Indeed, we found the government's argument to be "specious". *In re Hagan, supra,* at 125. In light of this finding, the government is hard pressed to now assert that its position was substantially justified, or even barely reasonable. We conclude, therefore, that Hagan is entitled to be compensated for fees and expenses incurred in combatting this first argument.

▮ Uncle Sam's second defense, that collection of the debtor's SSI overpayment could be "recouped" by withholding against her present benefits, is not so clear cut. The government sought to character-

ize consecutive payments to an SSI recipient as part of a single transaction, subject to the common law remedy of recoupment. After careful scrutiny, we rejected the government's recoupment theory for a variety of reasons which are fully set forth in our June 4 opinion. The bare fact that the government did not prevail on the merits, however, does not mean that its decision to litigate was substantially unjustified. *See Wolverton v. Schweiker, supra,* at 425, and H.R.Rep. No. 1418, *supra,* at 11; S.Rep. No. 253, *supra,* at 7. On the issue of recoupment, we conclude for the following reasons that the defendant's litigation position was reasonable: (1) The government had previously and successfully argued the doctrine of recoupment in a bankruptcy context in a case where it sought recovery of overpayments to health care providers with whom it had executory contracts, and (2) the government's position was supported *at the time*[6] by a District Court opinion on point, *Lee v. Secretary of Health and Human Services (In re Lee),* No. 83–0138 (E.D.Pa. July 8, 1983).

In considering the merits of this government argument, we determined that Hagan's right to SSI benefits was "not the equivalent of or akin to an executory contract" (*In re Hagan, supra,* at 126), and that the District Court in *Lee* had mischaracterized the doctrine of recoupment in applying it to a government entitlement program. Notwithstanding our decision on the merits, however, we conclude that the government's position, while (in our view) ultimately wrong, was substantially justified, and that an award of attorney's fees against the government for advancing that

portion of its argument would have a chilling effect on legitimate government efforts to enforce the law—a result clearly unintended by EAJA. *See Spencer v. NLRB, supra,* note 42, at 550.

### ATTORNEY'S FEES PURSUANT TO 11 U.S.C. § 105(a) AND BANKRUPTCY RULE 7054

■ Hagan's alternate argument in support of her request for attorney's fees, 11 U.S.C. § 105(a)[7] and Bankruptcy Rule 7054,[8] is not persuasive. Neither provision expressly authorizes awards of attorney's fees. Section 105, by implication, draws upon the Court's equitable and discretionary powers to award fees, but rule 7054, dealing with "costs," expressly precludes the allowance of costs "when a statute of the United States ... [such as EAJA] otherwise provides." Furthermore, fee shifting pursuant to the Code's equitable provisions is reserved typically to situations where there has been a showing of wilfulness or bad faith by the party against whom fees are to be assessed. *See National Indemnity Co. v. Proia (In re Proia),* 35 B.R. 385 (D.C.D.R.I.1983); *Superior Propane v. Zartun (In re Zartun),* 30 B.R. 543 (B.A.P. 9th Cir.1983); *In re Roco Corporation,* 37 B.R. 770 (Bankr.D. R.I.1984); *In re Bray,* 17 B.R. 152 (Bankr. N.D.Ga.1982). The government's position in the case at bar, although substantially unjustified in part, has not been taken in bad faith. Because EAJA expressly authorizes attorney's fees and sets clear standards for determining their appropriateness, the award in this case should remain within the ambit of EAJA, without resort

---

**6.** While *Hagan* was being litigated here, *In re Lee* was on appeal to the Court of Appeals for the Third Circuit. That Court subsequently reversed in part the District Court, on grounds similar to those stated in our opinion, holding that the lower court had mischaracterized the rights of SSA as a "recoupment." *Lee v. Schweiker (In re Lee),* 128 Bankr.L.Rep. (CCH) ¶ 69,914, 739 F.2d 870 (3rd Cir.1984).

**7.** 11 U.S.C. § 105(a) provides as follows:
  § 105. *Power of court*
    (a) The bankruptcy court may issue any order, process, or judgment that is necessary

or appropriate to carry out the provisions of this title.

**8.** Bankruptcy Rule 7054 provides in pertinent part:

    . . . .
    (b) Costs. The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law.

to the vague section 105 discretionary power of the bankruptcy judge.

Having determined that EAJA provides the appropriate, and indeed the exclusive remedy, we conclude that the application of EAJA section 2412(d) to the present dispute requires compensation for that portion of legal expenses incurred in opposing the government's position asserting statutory immunity from bankruptcy laws. Hagan is also entitled to a partial award for services required to litigate the question of attorney's fees. *See Cinciarelli v. Reagan, supra*, at 809.

Plaintiff's counsel has submitted a detailed and itemized accounting of the time expended in connection with both the main lawsuit and the instant motion for fees. The accuracy of this accounting is unchallenged by SSA, which concedes that the time expenditures and the hourly rate charged are reasonable. Because about half of the government's position was found to be substantially unjustified, that proportion of the plaintiff's total legal bill is appropriate as compensation. After review of counsel's documentation, and for the reasons stated in this opinion, attorney's fees are awarded in the amount of $900.

Enter judgment accordingly.