In re Mary Lou MOUNT, Debtor.

DAVID J. JOSEPH CO., Movant,

v.

Mary Lou MOUNT, Debtor.

Bankruptcy No. 1–86–02029.
Contested Docket "A".

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 18, 1987.

See also, Bkrtcy., 74 B.R. 265.

Jeffrey Marks, Cincinnati, Ohio, for movant.

Paul E. Lukey, Cincinnati, Ohio, for debtor.

William Schumacher, Cincinnati, Ohio, Trustee.

### DECISION AND ORDER

BURTON PERLMAN, Bankruptcy Judge.

Movant filed the present motion to lift the stay because it is under an order from the Industrial Commission of Ohio to pay debtor the sum of $3,210.00. (Movant is a self-insurer, and the amount in question represents a worker's compensation award.)

The reason for the present motion is that 11 U.S.C. § 362(a)(7) stays certain setoffs. In its motion, movant presses two points. The first is a request that it be allowed to withhold the payment in question. The second is, that in the event that debtor's objection to movant's proof of claim is overruled, then that the award amount be setoff against the amount claimed by movant.

Debtor's Chapter 13 case was filed June 19, 1986. The order of the Commission directing the payment of $3,210.00 was entered January 23, 1987, subsequent to the filing date. Simultaneously herewith, we have entered Decision and Order regarding debtor's objection to movant's claim. Therein, we concluded that movant's claim should be allowed in the amount of $1,802.00. We regard movant's present motion very specifically as one seeking the right to setoff this amount, $1,802.00 against the amount owed debtor by movant, $3,210.00. (We note that whatever the outcome here, debtor has provided in her Chapter 13 plan for the payment of movant's claim.)

The subject of setoff is dealt with in the Bankruptcy Code at 11 U.S.C. § 553. It is there provided in pertinent part:

"Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ..."

A reading of this statutory language itself leaves in question whether movant's claim of setoff is barred by the statute. Specifically it does not appear that we are dealing

with a mutual debt. Movant's obligation to debtor is as a self-insurer under the worker's compensation laws of Ohio. If the award were to be paid by an insurer, it could not be asserted that there was mutuality of debt. It seems to us reasonable that where movant is obliged to make a payment pursuant to an order of the Industrial Commission, that there is the same absence of mutuality of debt. Further, the statutory condition that the debt owing from the creditor to the debtor must have arisen before the commencement of the case, is also not met. Such debt did not arise until the order of the Commission was entered, and that was subsequent to the commencement of the case here.

Our decision denying setoff in the present case is reinforced by *In re Rowan*, 15 B.R. 834 (Bankr.N.D.Ohio 1981.) That case involved the dischargeability of a debt debtor owed to the Social Security Administration because of an overpayment to the debtor. The court denied the right of setoff, saying that on the date the petition was filed no fund was held by the Social Security Administration against which it could offset the debt owed it. The same reasoning is applicable here.

Movant's motion to withhold payment of $3,210.00 is overruled, as is its motion to setoff the amount in which its claim has been allowed against that figure.

So Ordered.