KEITH, Circuit Judge.
 

 This is an appeal from a decision of the district court holding that the Bankruptcy Court did not abuse its discretion when it refused to cite the United States Air Force (USAF) for contempt. The dispositive issue in the case is whether the USAF stood in a creditor-debtor relationship with Appellant Peter J. Mullen.
 

 Appellant entered the USAF in 1953 and was honorably discharged in 1957. He continued to serve in the Air Force Reserves while attending college. He completed college in 1962. In 1964, Appellant returned to the USAF and was commissioned as an officer. He continued to serve there until 1975 when he was released due to a reduction in forces.
 

 At the time of his release, Appellant was paid a $15,000 readjustment allowance pursuant to 10 U.S.C. § 687. He was made aware of the statutory restrictions governing the readjustment allowance. Specifically, Appellant admits that he was told that if he returned to the USAF, “under ordinary circumstances, he would not be receiving any retirement pay unless and until he repaid 75% of this readjustment allowance.” Brief of Appellant at 3.
 

 Appellant immediately returned to the USAF as an enlisted person so that he could complete twenty (20) years of service and become eligible for retirement. He completed this term of enlistment, and retired on March 1,1980. At the time of his retirement, he had completed twenty-two (22) years of regular service and five (5) years of service in the Reserves. He was entitled to receive nothing until 75% of the readjustment allowance had been repaid.
 

 On April 24, 1980, Appellant declared bankruptcy. Notice of this petition went out to creditors and debtors, including the USAF. The USAF also continued to withhold Appellant’s retirement benefits. Appellant, contending that the obligation to repay was a debt, argued before the Bankruptcy Court that the USAF could not properly continue to withhold his checks and sought to hold the USAF in contempt.
 

 On September 8,1980, a hearing was held before the Bankruptcy Court. The Bankruptcy Court judge refused to issue a contempt citation and an appeal was taken. The district court held a hearing on the motion and affirmed the denial of contempt. Subsequently, the district court denied a motion for rehearing.
 

 The Bankruptcy Court refused to grant the order of contempt because it questioned whether the Automatic Stay provisions of 11 U.S.C. § 362 should be applied to Appellant’s obligation to repay the readjustment allowance. The district court agreed. Appellant maintains before this Court, as he did in the lower courts, that the plain words of 11 U.S.C. § 362 required the USAF to cease withholding his checks when it received notice of the petition for bankruptcy.
 

 11 U.S.C. § 362 provides in relevant part: (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
 

 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
 

 
 *472
 
 Appellant argues that the USAF has a “claim” against him within the meaning of 11 U.S.C. § 362. On the other hand, the USAF asserts that it merely has the right to recoup prepaid retirement benefits.
 

 11 U.S.C. § 101 requires that there be a “right to payment” in order to have a claim. Appellant admits that he was entitled to receive no retirement benefits until 75% of the readjustment allowance had been repaid. But he argues that he was entitled to the benefits and that absent his obligation to the USAF, he would be entitled to payment of his retirement checks. Therefore, he urges this court to apply the Automatic Stay provisions of 11 U.S.C. § 362 to this transaction so that he might get the fresh start for which the Bankruptcy Code was designed.
 

 The Bankruptcy Code defines a claim as “the right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.” 11 U.S.C. § 101(4)(A). Admittedly, this is a broad definition. However, it should not be read to encompass every monetary obligation unless Congress has evinced such an intent.
 

 The legislative history of Section 101 suggests that the language of 11 U.S.C. § 101(4)(A) should not be read as broadly as Appellant would have us read it. We find the discussion of 11 U.S.C. § 101(11) particularly applicable to this case.
 

 “Debt” is defined in paragraph (11) as a liability on a claim. The terms are coextensive: a creditor has a “claim” against the debtor; the debtor owes a “debt” to the creditor.
 

 This definition of “debt” and the definition of “claim” on which it is based, proposed 11 U.S.C. § 101(4), will not include a transaction such as a policy loan on an insurance policy. Under that kind of transaction, the debtor is not liable to the insurance company for repayment; the amount owed is merely available to the company for setoff against any benefits that become payable under the policy. As such, the loan will not be a claim (it is not a right to payment) that the company can assert against the estate; nor will the debtor’s obligation be a debt (a liability on a claim) that will be discharged under proposed 11 U.S.C. 523 or 524.
 

 H.R. No. 595, 95th Cong., 2d Sess. 310,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad. News 5787, 6267.
 

 We find the transaction between the USAF and Appellant to be analogous to a loan on an insurance policy. The USAF’s readjustment allowance appears to be nothing more than a type of prepaid retirement benefit. Like the terms of a loan on an insurance policy, the USAF has the right to setoff benefits that have already been paid against benefits that become payable. No interest accrued on the amount owed nor did the USAF have the right to recoup the readjustment allowance from any other source. This is the precise transaction contemplated by the legislative history of subsection 101(11).
 
 See also Villarie v. New York City Employee’s Retirement System,
 
 648 F.2d 810 (2d Cir.1981) (advance from employee retirement system does not create a debt dischargeable in bankruptcy).
 

 Therefore, we hold that this transaction gave rise to no creditor-debtor relationship between the USAF and Appellant. Thus the district court did not abuse its discretion in refusing to order the Bankruptcy Court to hold the USAF in contempt.
 

 Accordingly, we affirm the judgment entered by the Honorable Robert M. Duncan of the United States District Court for the Southern District of Ohio.