In re Tracy M. BAKER, Jr., a/k/a Mike Baker, Debtor.

Tracy M. BAKER, Jr., a/k/a Mike Baker, Plaintiff,

v.

UNITED STATES of America, Acting Through the UNITED STATES DEPARTMENT OF LABOR, Defendant.

Bankruptcy No. 87–135–BKC–3P7.
Adv. No. 87–26.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 7, 1987.

Aaron R. Cohen, Keystone Heights, Fla., for plaintiff.

Dorothea Beane, Jacksonville, Fla., Bobbye D. Spears, Atlanta, Ga., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter came before this Court on cross motions for summary judgment. Having considered the pleadings and arguments of counsel, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The debtor in this case, Tracy M. Baker, Jr., is a former civilian employee of the United States Air Force, employed at Homestead, Florida. On July 3, 1972, he filed a claim for disability as a result of a heart attack which occurred on June 16, 1972.

2. On October 18, 1972, the Office of Worker's Compensation Programs, U.S. Department of Labor (OWCP), accepted a disability claim filed by plaintiff and shortly thereafter commenced payment of benefits pursuant to the Federal Employee's Compensation Act, 5 U.S.C. § 8101, *et seq.* (FECA).

3. Pursuant to § 8129(b) of FECA, a hearing representative of OWCP notified Mr. Baker on December 9, 1985, that OWCP was imposing a forfeiture of the benefits paid for the periods in which he failed to report his outside employment activities. Plaintiff appealed the decision to the Chief, Branch of Hearings and Review, OWCP, and requested a pre-recoupment hearing. On August 8, 1986, the Chief,

Branch of Hearings and Review, upheld the initial decision of forfeiture.

4. Pursuant to a formal determination issued by the Supervising Claims Examiner on October 3, 1986, plaintiff's compensation was adjusted so that 100 percent of the awarded compensation would be withheld until the overpayment of $113,861.75 was recouped. A motion filed on October 8, 1986, for reconsideration was denied by the Chief, Branch of Hearings Claims, on November 19, 1986.

5. On January 29, 1987, the debtor filed a petition for bankruptcy under Title 11, Chapter 7 of the United States Code. On February 11, 1987, he filed this adversary proceeding against the United States of America, acting through the United States Department of Labor, seeking to have the forfeiture owing to the government declared discharged.

6. The decision of OWCP was appealed by Mr. Baker to the Employees' Compensation Appeals Board (ECAB) under the style of *In the Matter of Tracy M. Baker, Jr. and Department of the Air Force, Homestead Air Force Base, Florida,* ECAB Docket No. 87–823. The ECAB reviewed the file and remanded the case back to the OWCP. In accordance with that remand, OWCP withdrew the overpayment determination and on August 25, 1987, sent Mr. Baker a payment of $27,082.00 representing the amount of compensation withheld for the period of August 31, 1986, through August 24, 1987.

## CONCLUSIONS OF LAW

■ The first issue to confront this Court is whether it has jurisdiction to hear this matter. The defendant has argued that 5 U.S.C. § 8128(b) deprives this Court of jurisdiction to review a decision of the Secretary of Labor regarding overpayments to beneficiaries under FECA. This argument is based directly upon the language of 5 U.S.C. § 8128(b), which provides:

> The action of the Secretary or his designee in allowing or denying a payment under this sub-chapter is final and conclusive for all purposes with respect to all questions of law and fact and not subject to review by another official of the United States or by a court by mandamus or otherwise.

However, this argument is misplaced. The true nature of this proceeding is the determination of whether a particular debt is dischargeable. As such, it is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(I) and is not interposed as a review of the Secretary of Labor's decision. The Court finds that it has jurisdiction notwithstanding 5 U.S.C. § 8128(b).

■ The second issue to be addressed is whether this particular debt is dischargeable. The plaintiff has argued that § 523 of the Bankruptcy Code contains the exclusive list of exceptions to discharge and since the repayment of overpaid disability compensation is not included therein, this particular debt is dischargeable. While this argument has some merit, the United States Department of Labor is entitled to seek to "recoup" the amount of benefits which it argues was overpaid.

In support of this position, the Court draws upon the rationale expressed in *In re Maine,* 32 B.R. 452 (Bkrtcy.W.D.N.Y. 1983), wherein the court held that the state's right to recoup unemployment insurance benefits as a result of willful misrepresentations was not abrogated by the bankruptcy proceeding. Said the court, the "recovery of overpayments from future benefits was, in fact, an exercise of the state's common-law right of recoupment [which] would survive [bankruptcy]." *Id.* at 455. The Court noted:

> Here, it may be observed that the extent of the debtor's future entitlement under the unemployment insurance program is not a property right in the usual sense. In no significant way is that benefit the fruit of his labor or the result of his individual contributions. Here, there is the sense that, if the debtor can sidestep the State's ability to recover from his future benefits, he obtains not just a fresh start, but a head start, at the expense of the financial integrity of the overall program.

*Id.* at 454.

Like the debtor in *In re Maine,* the plaintiff in this case would be obtaining a "head-

start" with regard to the disability compensation he has received rather than the true amount to which he might be entitled. He would in effect be receiving a windfall by being able to keep the funds he would have no right to receive. Clearly, this is not a result intended by Congress.

Additional support for this Court's ruling is drawn from *Mullen v. United States*, 696 F.2d 470 (6th Cir.1983). There, the Court dealt with a readjustment of an Air Force officer's retirement benefits following his re-enlistment with the service. The officer argued that the Air Force had a "claim" against him recognizable in bankruptcy and that the debt was dischargeable. The Air Force contended that it had the right to secure the prepaid retirement benefits that the officer should not have received. The Court ruled in favor of the Air Force and in reaching its conclusion, determined that 11 U.S.C. § 101 requires that there be a "right to payment" in order to establish a claim. Since there was no right to payment of the retirement benefits, the Air Force would be allowed to recoup its prepayment.

The facts in this case are analogous to those in *Mullen* in that the debtor received payments to which he might not be entitled, and like the situation in that case, the government agency has no other source from which to recoup the overpayments. Under these circumstances, the Department of Labor is entitled to prevail.

The plaintiff has asserted that this Court should draw an analogy to the cases arising under the Social Security Act, 42 U.S.C. § 401 *et seq.*, which holds that a Social Security overpayment is a dischargeable debt. In this regard, plaintiff cites *In re Rowan*, 15 B.R. 834 (Bkrtcy.N.D.Ohio 1981) which states:

> The legislative history surrounding the Bankruptcy Reform Act of 1978 supports the holding that the SSA overpayment is a dischargeable debt....

*Id.* at 834. However, these cases are also consistent in that they classify Social Security benefits as "entitlements" subject to the rules of "set-off" rather than actions in "recoupment." *See Lee v. Schweiker*, 739

F.2d 870 (3rd Cir.1984). For these reasons, this Court finds that the overpayment found by the Secretary of Labor under FECA is not a dischargeable debt.

The plaintiff has also filed a motion for contempt, claiming that the Secretary of Labor has violated the automatic stay provisions of 11 U.S.C. § 362. Because the OWCP has withdrawn the overpayment determination and has returned the money it had withheld to Mr. Baker, plaintiff has agreed to withdraw its motion for contempt. Accordingly, the Court need not address this issue.

The Court notes that it has not dealt with the merits of the recoupment claim.

Wherefore, the Court will enter a separate order denying plaintiff's motion for summary judgment and granting the motion for summary judgment filed by the defendant.