**Tracy M. BAKER, Jr., a/k/a Mike Baker, Appellant,**

**v.**

**UNITED STATES of America, acting Through the UNITED STATES DEPARTMENT OF LABOR, Appellee.**

No. 87–964–Civ–J–16.

United States District Court, M.D. Florida, Jacksonville Division.

April 21, 1989.

Aaron R. Cohen, Keystone Heights, Fla., for appellant.

Dorothea Beane, Jacksonville, Fla., James Stine, U.S. Dept. of Labor, Atlanta, Ga., for appellee.

ORDER AND OPINION

JOHN H. MOORE, II, District Judge.

The above-styled appeal arose out of the Chapter 7 Bankruptcy proceedings of the appellant/debtor, Tracy M. Baker, Jr. On October 7, 1987, 79 B.R. 74, the Bankruptcy Court granted summary judgment to the appellee, the United States of America, acting through the Department of Labor, ruling that any debt owed to the United States by the debtor was non-dischargeable. The

appellant/debtor appealed this decision on October 16, 1987. The Court finds, after an examination of the briefs and record in this matter, that oral arguments are not necessary and the Court now delivers the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The following facts are present and un-contested on the record on appeal. The appellant, Tracy M. Baker, was a former civilian employee of the United States Air Force, who was employed at Homestead, Florida. On July 3, 1972, he filed a claim for disability as a result of a heart attack which occurred on June 16, 1972. The Office of Worker's Compensation Programs (OWCP), U.S. Department of Labor, accepted this disability claim and shortly thereafter commenced payment of benefits pursuant to the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101, *et seq.*

On December 9, 1985, a representative of OWCP notified Mr. Baker that OWCP was imposing a forfeiture of the FECA benefits paid to him for the periods in which he failed to report his outside employment activities. Mr. Baker appealed this decision and requested a pre-recoupment hearing. On August 8, 1986, the Chief Branch of Hearings and Review upheld the initial decision of forfeiture. Pursuant to a formal determination issued by the Supervising Claims Examiner, Mr. Baker's compensation was adjusted so that one hundred per cent of the awarded compensation would be withheld until the overpayment of $113,-861.75 was recouped. Mr. Baker's motion for reconsideration of this matter was denied on November 19, 1986.

On January 29, 1987, Mr. Baker filed a petition for bankruptcy under Title 11, Chapter 7 of the United States Code. The United States of America, Department of Labor, was listed as a creditor. On February 11, 1987, the debtor filed an adversary suit against the United States seeking to have any debt which resulted from the alleged overpayment pursuant to 5 U.S.C. § 8101, *et seq.* declared dischargeable. In

that action, both parties motioned the Bankruptcy Court for summary judgment.

After a hearing, the Bankruptcy Court entered final summary judgment for the United States of America finding the debt to be non-dischargeable. The Bankruptcy Court based its ruling on two cases. The first was *In re Maine*, 32 B.R. 452 (Bankr. W.D.N.Y.1983), in which the Court held the state's right to recoup state unemployment insurance benefits as a result of willful misrepresentations was not abrogated by the bankruptcy proceedings. The *Maine* case specifically dealt with the issue of whether the state violated the bankruptcy court's automatic stay provisions by continuing to withhold future unemployment benefits after the bankruptcy petition was filed. The *Maine* Court determined that the state's common law right of recoupment survived bankruptcy, and thus the automatic stay provisions were not violated by the state's withholding of the benefits.

A second case relied on by the Bankruptcy Court was *Mullen v. United States*, 696 F.2d 470 (6th Cir.1982). In *Mullen* the Court dealt with a readjustment of an Air Force officer's retirement benefits following his re-enlistment with the service. This case, like the *Maine* case, considered whether the United States violated the bankruptcy court's automatic stay by continuing to withhold retirement benefits, subject to their adjustment, after the debtor filed for bankruptcy. The Court ruled in favor of the Air Force and in reaching its conclusion, determined that 11 U.S.C. § 101 requires that there be a "right to payment" in order to establish a claim recognizable in bankruptcy. Since there was no "right to payment" of the retirement benefits, the Air Force was allowed to recoup its prepayment.

On the basis of the reasoning of these two cases the Bankruptcy Court held that the debt owed by Mr. Baker to the United States Government was non-dischargeable under the Bankruptcy Code. In making this determination, the Bankruptcy Court rejected a line of cases which holds that overpayment of social security benefits is a dischargeable debt in bankruptcy. In this

action, Mr. Baker is appealing this decision arguing that the Bankruptcy Court erred as a matter of law in finding the debt to be non-dischargeable under the Bankruptcy Code. Appellee, although agreeing with Bankruptcy Court's conclusion of non-dischargeability of the debt, argues that both this Court and the Bankruptcy Court lack subject matter jurisdiction to hear this matter.

The Court acknowledges that the appellant's attorney filed a suggestion of party's death on September 13, 1988, informing the Court that the appellant, Tracy M. Baker, died during the pendency of this appeal.

## CONCLUSIONS OF LAW

■ This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158. The appellee's argument that this Court and the Bankruptcy Court do not have subject matter jurisdiction over this matter is without merit. Neither the Bankruptcy Court nor this Court is attempting to review the Department of Labor's decision as to Mr. Baker's entitlement to his FECA benefits. The issue in this case is whether a certain debt of the debtor is non-dischargeable under the bankruptcy code. This is clearly a core proceeding under 28 U.S.C. § 157. The Court determines it has subject matter jurisdiction over this appeal. 28 U.S.C. § 158(a).

The standard of review this Court must apply in reviewing the Bankruptcy Court's decision as to a matter of law is a *de novo* review. *See United States v. Winthrop*, 417 F.2d 905, 910 (5th Cir.1969). The Court notes that the question of whether a debt for alleged overpayment of FECA benefits, pursuant to 5 U.S.C. § 8101, constitutes a non-dischargeable debt under the bankruptcy code appears to be a question of first impression. No authority has been cited to or located by the Court which is controlling on this issue.

In determining whether this particular debt is non-dischargeable under the bankruptcy code, the Court will first examine whether the overpayment of FECA benefits to Mr. Baker constitutes a "debt" as defined by the bankruptcy code. The Bankruptcy Code defines a debt as "liability on a claim." 11 U.S.C. § 101(11). A claim is defined as "a right to payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; ..." 11 U.S.C. § 101(4)(A). This definition is obviously broad and the legislative history indicates that these definitions are meant to be construed broadly to insure that all legal obligations of the debtor are brought into the bankruptcy estate and dealt with in the bankruptcy proceedings. H.R. No. 595, 95th Cong., 1st Sess. 309 (1977); S.R. No. 989, 95th Cong., 2nd Sess. 21 (1978), *reprinted in* U.S.Code Cong. & Ad.News 1978, pp. 5787, 5807, 6266. One exception noted in the legislative history to the broad definition of debt is a policy loan on an insurance policy because that type of transaction does not create a debtor-creditor relationship. H.R. No. 595, 95th Cong., 1st Sess. 310 (1977), *reprinted in* U.S.Code Cong. & Ad.News 1978, pp. 5787, 6267.

■ The Court finds that the monetary obligation in this case clearly falls within the definition of "debt" and "claim" as defined by the bankruptcy code. The government's overpayment of FECA benefits to the debtor created a liability on the part of the debtor. This liability made a claim or a "right to payment" exist between the government and the debtor. Despite the fact that the government sought to recover the money through a recoupment or set-off method versus direct collection, the overpayment still constituted an unsecured debt which arose before the filing of the bankruptcy.

The Court does not believe that the overpayment between the government and the debtor is analogous to a policy loan on an insurance policy, or to a retirement fund situation present in the *Mullen* case, which are transactions not included within the bankruptcy code definition of debt. Under a policy loan, the insured is borrowing against his own money that he has invested in a policy. It is for this reason that no debtor-creditor relationship arises, and thus this type of transaction is not considered a

"debt" under the bankruptcy code. In the instant case FECA benefits are not the result of previous investments by the debtor, nor is his borrowing against his own funds. Thus, the overpayment does not fall into the policy loan exception to the definition of debt under the bankruptcy code. The *Mullen* case applied the policy loan exception to find that an earned military retirement fund, which derived from the debtor's own contributions, created no debtor-creditor relationship when the debtor owed previously dispersed funds back to the account. As with the policy loan cases, the debtor had obtained and was required to pay back his own invested funds. The Court finds that the *Mullen* case is not similar to the situation of overpayment of FECA benefits because in the FECA case the debtor was not borrowing against his own previously invested funds but was receiving money from a third party. Thus, when the overpayment of FECA benefits occurred and the amount was assessed, the parties stood in a debtor-creditor relationship. It is the existence of a debtor-creditor relationship which distinguishes the instant case from the policy loan situation and the *Mullen* case and makes the overpayment of benefits, and the resulting liability, a "debt" under § 104 of the bankruptcy code. The Court concludes that in view of the broad definition of debt set forth in the bankruptcy code, the obligation owed by Mr. Baker to the United States should be classified as a debt.

The next inquiry is whether this particular debt is dischargeable under the bankruptcy code. Intertwined with this question is the role that the equitable doctrine of recoupment plays in making the determination as to whether the debt is dischargeable.

Under 11 U.S.C. § 727 of the bankruptcy code, all debts of the debtor are discharged in bankruptcy unless they are specifically excepted from discharge. The exclusive list of exceptions to discharge is found in § 523, and caselaw states that the exceptions are to be strictly construed. *In re Hunter*, 780 F.2d 1577 (11th Cir.1986). The list in § 523 does not except from discharge debts owed for overpayment of disability compensation or any similar type debt. Thus, under a strict reading of the code, it appears that the FECA overpayment debt should be discharged.

The Bankruptcy Court, however, chose to apply a recoupment analysis to find that the government was entitled to "recoup" the amount of the overpayment notwithstanding the bankruptcy proceeding. This was tantamount to a finding that the debt was non-dischargeable and thus survived bankruptcy. In making this ruling, the Bankruptcy Court relied heavily on another bankruptcy court's decision, *In re Maine, supra,* wherein the court held that the state's common law right to recoup state unemployment benefits obtained by willful misrepresentation was not abrogated by the bankruptcy proceeding. As noted above, this case did not deal specifically with the question of dischargeability of a debt, but rather whether the state violated the automatic stay by continuing to "recoup" the employment benefits after the debtor filed for bankruptcy. Although the type of debt in *Maine* is similar to the instant FECA debt, this Court does not find that it is the most analogous to the instant case, nor does the Court agree with the reasoning of that opinion. For the reasons stated below, this Court finds that the Bankruptcy Court erred in relying on the *Maine* case in finding that the appellant's debt was non-dischargeable.

In making this determination, the Court looks to a consistent line of caselaw which holds that overpayment of social security benefits is a dischargeable debt in bankruptcy. *Matter of Neavear*, 674 F.2d 1201 (7th Cir.1982); *Rowan v. Morgan*, 747 F.2d 1052 (6th Cir.1984); *In re Carey*, 36 B.R. 194 (Bankr.D.Kan.1983); *Matter of Hawley*, 23 B.R. 236 (Bankr.E.D.Mich.1982). The underlying basis of the courts' opinions in these cases is that social security overpayment is not listed in § 523 as debts not subject to discharge and thus, the debts are dischargeable. This view is consistent with the congressional intent that the list in § 523 is the exclusive list of non-dischargeable debts in bankruptcy. *In re Rowan*, 15 B.R. 834, 839–40 (Bankr.N.D.

Ohio 1981). Thus, the Court determines that FECA benefits, like social security benefits, should be dischargeable since they are not listed as non-dischargeable under § 523.

The only remaining question is whether the doctrine of recoupment should be applied to prevent this result. In bankruptcy, recoupment is an equitable doctrine that provides an exception to the general rule that all unsecured creditors stand on equal footing for satisfaction. Recoupment is generally allowed in cases involving a single contract which called for advance payments based on estimates, subject to correction at a later time. In this situation, the creditor is permitted to collect on the contract, to the extent performed, notwithstanding the commencement of a bankruptcy proceeding. *See In re B & L Oil Co.,* 782 F.2d 155 (10th Cir.1986).

The principle of recoupment, however, has been held to be inapplicable to claims of the Social Security Administration for overpayment of benefits. *Lee v. Schweiker,* 739 F.2d 870 (3rd Cir.1984), and *In re Hagan,* 41 B.R. 122 (Bank.D.R.I.1984). In *Lee,* the Court reviewed cases holding that a social welfare statute entitling an individual to benefits is not a contract, and thus an obligation to repay a previous overpayment is a separate debt subject to the rules of bankruptcy. *Lee,* 739 F.2d at 876. The *Lee* Court agreed with the reasoning of these cases in finding that social security payments are statutory entitlements rather than contractual rights. Thus, the *Lee* Court held that the Social Security Administration could not recoup previous overpayment after the bankruptcy petition was filed.

The Court finds that the reasoning of the *Lee* Court and the cases cited by it are persuasive in finding that the doctrine of recoupment should not be applied in the instant case. FECA benefits, like social security benefits, are statutory entitlements and not a contractual agreement between the parties. Since there is not a contract, it is inappropriate to use the recoupment principle in this situation.

In making the conclusion, the Court recognizes the policy considerations which concerned the *Maine* Court and the bankruptcy court below. However, the decision that overpayment of FECA benefits, like overpayment of social security benefits, is dischargeable in bankruptcy and not subject to recoupment, is not a license to commit a fraud against the government. The government is still free to argue that the overpayment of benefits is not subject to discharge under provisions (2), (4) or (6) of § 523(a) if the benefits were obtained by fraud or other wrongful acts by the debtor. This is the means by which the government should seek to have these types of debts declared non-dischargeable. It would be contrary to the congressional intent behind § 523 of the Bankruptcy Code to allow debts not listed in that section to be determined to be · non-dischargeable. Since bankruptcy law is a product of statute, it must be strictly construed in accordance with the language of the Act.

The Court concludes that since the FECA overpayment is classified as a "debt" under § 101 of the bankruptcy code and is not listed as a non-dischargeable debt under § 523, then pursuant to § 727, the appellant's debt is dischargeable. The Court does not find that caselaw supports the position that recoupment should be applied to alter this result. Accordingly, it is now

ORDERED AND ADJUDGED:

That the Order of the Bankruptcy Court of October 7, 1987, be and the same is hereby REVERSED, and this cause is hereby REMANDED to the Bankruptcy Court to enter an order consistent with the findings of this Court.

DONE AND ORDERED.