**Richard A. BROWN, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**No. 92–C–0862–S.**

United States District Court, W.D. Wisconsin.

March 25, 1993.

---

Kristen E. Falk, Hart and Falk, Edgerton, WI, for plaintiff.

Susan R. Maisa, Foley & Lardner, Milwaukee, WI, for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Richard A. Brown commenced this action for monetary and declaratory relief in Circuit Court for Rock County, Wisconsin, for a determination that defendant General Motors Corporation is barred by plaintiff's bankruptcy discharge from recovering past benefit overpayments from his future pension benefits. The case was removed to this court pursuant to 28 U.S.C. §§ 1441(b) and 1331 based upon questions of bankruptcy and ERISA law.

The matter is presently before the court on cross-motions for summary judgment. Because the parties agree there are no genuine issues of material fact resolution on summary judgment is appropriate.

## FACTS

The following is a summary of the relevant undisputed facts.

The plaintiff is a former employee of defendant and a participant in the General Motors Hourly–Rate Employees Pension Plan. The Pension Plan is administered by a Board of Administration, which Board is

authorized to create rules and procedures for administering the plan.

On November 1, 1989, plaintiff retired and became entitled to receive a monthly "basic" benefit and a monthly "temporary" benefit. The basic benefit was payable to the plaintiff for the remainder of his life. The temporary benefit was payable until plaintiff reached the age of 62 or until plaintiff became "or could have become eligible for a Federal Social Security Benefit for disability or an unreduced Federal Social Security benefit for age. At such age, the temporary benefit shall cease to be payable."

The Plan further provides as follows:

If an employe is eligible for a Federal Social Security benefit for disability or an unreduced Federal Social Security benefit for age at the time of retirement or thereafter, such employe shall provide the corporation with evidence of the effective date of the entitlement to such benefit.

On August 1, 1990, plaintiff became entitled to a social security disability benefit and has been receiving the benefit ever since. Plaintiff did not advise the defendant or the Plan of his receipt of social security disability benefits. Plaintiff received both the social security disability benefits and the temporary benefit under the Pension Plan through May, 1992.

Pursuant to authority under the Plan, the Plan's Board of Administration adopted rules and regulations including the following:

When the evidence is received so that a calculation of overpaid benefits can be made, the pensioner will be requested to repay promptly the amount of overpaid benefits in a lump sum. Upon receipt of the repayment, benefits will resume if previously suspended.

If the pensioner received an overpayment of benefits because of receipt of a retroactive Social Security disability insurance benefit award and he does not repay promptly the amount of overpayment in a lump sum, a deduction shall be made from future monthly benefits equal to 50% of the total amount of such monthly benefits until the total amount suspended equals the overpayment.

This provision has been applied to overpayments which result from a failure to advise the Plan of a social security disability insurance benefit.

Prior to his retirement, plaintiff executed form HRP–11A which provided in relevant part:

If I become eligible for a Social Security Disability Insurance Benefit or an unreduced Social Security benefit prior to obtaining age 62, I immediately will furnish ... evidence of the effective date of my entitlement of such benefit.

In such case, any temporary benefit I may be receiving will cease to be payable. Any supplement which I may be receiving will be reduced in accordance with the applicable provisions of the Pension Plan. Such cessation or reduction will be effective as of the first of the month for which I initially become entitled to such Social Security benefit.

Any overpayment of my GM pension benefits resulting from my receipt of such social security benefit must be refunded by me in a lump sum. Otherwise, my GM pension benefits will be suspended in accordance with Plan provisions until the total amount suspended equals the total amount of the overpayment.

In March of 1992 the Plan learned that plaintiff was receiving social security disability benefits. On June 1, 1992 the Plan discontinued payment of the temporary benefits and reduced by 50 percent the basic benefit to recover the previous overpayment. In April of 1992 plaintiff filed a bankruptcy petition listing the defendant as a creditor and the overpayment as a claim. On July 23, 1992 plaintiff received a Chapter 7 discharge.

## MEMORANDUM

Plaintiff now seeks to recover those benefits which were withheld from his basic benefit and to prohibit the defendant from reducing his benefits in the future on the grounds that such actions are precluded by the bankruptcy discharge. Defendant pur-

**938**

sues two principle arguments in defense. First, defendant asserts that the notice in bankruptcy was ineffective because the plaintiff improperly gave notice to it rather than the GM Hourly–Rate Employees Pension Plan, which was the proper party. Second, defendant argues that recovery of overpaid pension funds is being accomplished under the doctrine of recoupment which is unaffected by the bankruptcy discharge. Because the court agrees with the second argument advanced by the defendant, it does not address the sufficiency of the notice.

█ Recoupment is an equitable defense which enables a defendant to reduce liability on a plaintiff's claim by asserting an obligation of the plaintiff which arose out of the same transaction. *In re Holford*, 896 F.2d 176, 178 (5th Cir.1990). Recoupment is only a challenge to the validity and extent of the plaintiff's claim, and no affirmative recovery is permitted. *In re Rooster, Inc.*, 127 B.R. 560, 569 (Bankr. E.D.Pa.1991), 20 Am.Jur.2d *Counterclaim, Recoupment, and Setoff,* § 11 (1965).

█ Because of its unique nature as a limited equitable defense the right of recoupment does not constitute a claim within the meaning of 11 U.S.C. § 101(5) which defines a claim as follows:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment....

Since the right of recoupment carries with it no right to payment, it is not a claim. *See Mullen v. United States*, 696 F.2d 470, 472 (6th Cir.1983). It naturally follows that the potential assertion of recoupment against a claim by the debtor does not constitute a "debt" within the meaning of 11 U.S.C. § 101(12), which defines debt as "liability on a claim."

Since the right of recoupment is not a claim and its potential assertion is not a debt, the right is unaffected by a discharge in bankruptcy which operates as an injunction against actions to collect any *debt* discharged under § 727. 11 U.S.C. § 524(a)(2). Bankruptcy Code legislative history illustrates the principle:

This definition of "debt" and the definition of "claim" on which it is based ... does not include a transaction such as a policy loan on an insurance policy. Under that kind of transaction, the debtor is not liable to the insurance company for repayment; the amount owed is merely available to the company for setoff against any benefits that become payable under the policy. As such the loan is not a claim (it is not a right to payment) that the company can assert against the estate; nor is the debtor's obligation a debt (a liability on a claim) that will be discharged under proposed 11 U.S.C. § 523 or 524.

H.R. No. 595, 95th Cong., 2d Sess. 310, reprinted in 1978 U.S.Code Cong. and Ad. News 5787, 6267. Since the right of recoupment likewise provides no basis for an independent claim against the assets of the debtor or the estate, the right to recover against future benefits is not discharged. *See Lee v. Schweiker*, 739 F.2d 870, 875 (3rd Cir.1984); *In re B & L Oil Co.*, 782 F.2d 155, 157 (10th Cir.1986); *In re Hiler*, 99 B.R. 238, 243 (Bankr.D.N.J.1989).

█ As a matter of policy, the distinction between recoupment and other claims or set-offs against the debtor is sound. Since recoupment is applicable only in situations involving a single contract, it applies to prevent the debtor from obtaining the benefits of a contract without accepting its burdens. Permitting recoupment is consistent with the bankruptcy policy of requiring that executory contracts be assumed or rejected in whole. *In re Crippin*, 877 F.2d 594, 597 (7th Cir.1989). Numerous courts have recognized this principle as a basis for permitting recoupment. *Hiler*, 99 B.R. at 244 (collecting applicable cases).

█ Having concluded that a properly asserted right of recoupment is unaffected by bankruptcy, the Court examines the facts of this case to determine whether the

defendant's position is properly characterized as recoupment. Two cases have addressed the issue of whether an overpayment in connection with a private employee benefit plan gives rise to the defense of recoupment. Both cases have concluded that it does.

*Hiler* presented facts almost identical to those of the present case. The debtor, a beneficiary under a long-term disability plan, received a delayed payment of Social Security disability benefits which, under the terms of the plan, reduced his right to benefits. After receiving the award, the debtor failed to notify the Plan. The debtor filed a petition in bankruptcy and sought to preclude recoupment of the excess benefits. The court concluded that the right asserted by the Plan constituted a valid right of recoupment which was subject neither to the automatic stay nor to dischargeability. *Id.* at 245.

Similarly, in *Mullen v. United States,* 696 F.2d 470, the Court held that a United States Air Force officer's prepaid retirement benefits were subject to a valid right of recoupment which was unaffected by bankruptcy. The Court likened the position of the Air Force to that of an insurer who had given a loan on an insurance policy.

> The USAF's readjustment allowance appears to be nothing more than a type of prepaid retirement benefit. Like the terms of a loan on an insurance policy, the USAF has the right to set off benefits that have already been paid against benefits that become payable. No interest accrued on the amount owed nor did the USAF have the right to recoup the readjustment allowance from any other source. This is the precise transaction contemplated by the legislative history of § 101(11).

*Id.* at 472.

This Court concurs that an erroneous overpayment in connection with a private employee benefit plan gives rise to a valid right of recoupment against future benefits where such recoupment is available under the Plan or by agreement between the parties. The provisions of the present plan and the agreement executed by the plaintiff provide as the sole remedy for overpayment recovery against future benefits. No interest is recoverable and no independent claim beyond the amount of future benefits is available. Under these circumstances the right exercised by the Pension Plan is not an action on a claim or the collection of a debt.

Accordingly, the Court finds that plaintiff's bankruptcy discharge has no effect on the continuing right of the Pension Plan to recoup overpayments from future benefits.

### ORDER

IT IS ORDERED that the defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that judgment be entered in favor of defendant and against plaintiff dismissing plaintiff's complaint and all claims contained therein with prejudice and costs.