**In re Sabriye AKINCIBASI, Debtor.**

**Sabriye Akincibasi, Plaintiff,**

v.

**S. Gregory Moscaritolo and Thurber Cappell, LLC, Defendants.**

**Bankruptcy No. 04–3844–3F3. Adversary No. 06–367.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Feb. 21, 2007.

Lance P. Cohen, for Plaintiff.

Robert Altman, for S. Gregory Moscaritolo.

### ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Motion for Preliminary Injunction (the

"Motion"). The Court conducted a hearing on the matter on February 6, 2007. The Court elected to take the matter under advisement. Upon the evidence and the arguments of the parties, the Court finds it appropriate to grant the Motion.

*Background*

This case has a long and tortured history, which the Court will attempt to succinctly describe. In April 2003 Moscaritolo filed a complaint in New Jersey Superior Court (the "New Jersey Court") seeking specific performance of a real estate contract (the "Contract") entered into between Plaintiff as seller and Moscaritolo as buyer. Plaintiff filed a counterclaim asserting breach of contract. The New Jersey Court conducted a trial after which it determined that Plaintiff had breached the Contract. On November 21, 2003 the New Jersey Court entered an order requiring specific performance of the Contract (the "Specific Performance Order") and directing that the closing for the sale of the property which was the subject of the Contract (the "Property") occur by December 5, 2003. The Specific Performance Order also ordered that a hearing on damages be held no later than March 2004. The closing did not occur on December 5, 2003.

On December 18, 2003 the Property was substantially damaged by a fire. Plaintiff sought a stay of the Specific Performance Order. On March 25, 2004 the New Jersey Court entered an order (the "Injunction Order") requiring that the closing occur by April 16, 2004. The Injunction Order required Moscaritolo to pay Plaintiff $430,000 of the $580,000 purchase price at closing with the reservation of $150,000 of the purchase price in an unfunded escrow account for future payment to Plaintiff, less damages allowed Moscaritolo by the New Jersey Court. The Injunction Order also provided that until the determination of damages had been made, Plaintiff would have a lien on the Property to secure payment of the remainder of the purchase price.

On April 15, 2004 Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On April 21, 2004 Moscaritolo filed Motion for Relief from Stay in the bankruptcy case. On June 24, 2004 the Court entered Findings of Fact and Conclusions of Law and Order Lifting Automatic Stay (the "Stay Order"). The Stay Order lifted the automatic stay so that the parties could proceed in state court to determine their rights and obligations with respect to the Property. A closing of the Property occurred in July 2004.

On December 6, 2004 Moscaritolo filed a secured proof of claim in the bankruptcy case which the clerk's office designated as Claim 6. Plaintiff objected to Claim 6. On March 8, 2005, after a hearing on the objection, the Court entered Order Sustaining in Part and Overruling in Part [Plaintiff]'s Objection to Claim 6 filed by Moscaritolo (the "Claim 6 Order"). The Court disallowed Claim 6 as a secured claim but permitted Moscaritolo to file an unsecured claim within ninety days of the date of the Claim 6 Order. The Court noted that if Claim 6 was not liquidated by that time, the Court would consider a motion to extend the time for filing a claim so long as the motion was filed prior to the expiration of the ninety days. Moscaritolo appealed the Claim 6 Order to the United States District Court (the "District Court"). Moscaritolo did not seek an extension of time to file an unsecured claim. On June 27, 2005 the District Court dismissed the appeal of the Claim 6 Order.

On June 29, 2005 Moscaritolo filed a Motion to Extend Time for Filing Proof of Claim. On August 9, 2005 the Court en-

tered Order Denying Motion to Extend Time for Filing Proof of Claim and Denying Motion to Extend Time for Filing Motion (the "Order Denying Motion to Extend Time"). Moscaritolo appealed the Order Denying Motion to Extend Time to the District Court.

On August 9, 2005 the Court conducted a confirmation hearing. Moscaritolo did not appear at the hearing. On September 8, 2005 the Court entered Order Confirming Chapter 13 Plan Allowing Claims and Directing Distribution (the "Confirmation Order"). The Confirmation Order denied Moscaritolo's original un-amended Claim. After paying all allowed claims from the funds on hand the Chapter 13 Trustee filed on October 11, 2005 Notice/Report of Completion of Plan and Request for an Order Granting [Plaintiff]'s discharge. On October 12, 2005 Moscaritolo filed Objection to Trustee's Notice of Completion of Chapter 13 Plan. On November 2, 2005 the Court entered Order Overruling Objection to Notice of Completion of Case. On January 11, 2006 the Court entered Discharge of Debtor After Completion of Chapter 13 Plan.

After the entry of the Confirmation Order Plaintiff filed Motion in Limine to Dismiss [Moscaritolo]'s Remaining Undecided Claims against them with Prejudice (the "Motion in Limine") in the New Jersey Court. On January 3, 2006 the New Jersey Court denied the Motion in Limine.

In the meantime, in addition to his appeal of the Order Denying Motion to Extend Time, Moscaritolo appealed the Order Overruling Objection to Notice of Completion of Case and the Discharge of Debtor

After Completion of Chapter 13 Plan. On August 24, 2006 the District Court entered an order dismissing all three appeals.

Thereafter, Plaintiff filed in the New Jersey Court a motion for reconsideration of the New Jersey Court's January 3, 2006 order denying the Motion in Limine. The New Jersey Court conducted a hearing on the matter on January 19, 2007 and on that same day entered an order denying the motion. At that hearing the Court noted:

> it appear[s] to me that the proper decision is that it was never contemplated that anything that was happening in Florida was going to determine the entitlement to this particular issue that was carved out by Judge Funk and recognized as carved out by Judge Escala. By that I mean the subsequent developments in this case do not deprive the plaintiff of the ability to litigate here this question that Judge Funk recognized at the time ought to be litigated here and Judge Escala I don't want to say determined but agreed or whatever, recognized, concurred, needed to be tried here, and for that reason I'm going to deny what—we're calling it a motion for reconsideration, but it's really a motion for consideration of new developments, and I cannot see that that which has occurred since this matter was so decided should deprive the Plaintiff of the ability to litigate this issue here.

The order denied the motion for reconsideration for the reasons stated on the record. The New Jersey Court has scheduled a trial for March or April 2007.[1]

---

1. In short, Moscaritolo was granted specific performance, closed the transaction, got possession of the property, but never paid $150,000 of the purchase price. The lawsuit in the New Jersey Court seeks to determine Moscaritolo's damages against Plaintiff resulting from her breach of the Contract. Any damages awarded to Moscaritolo by the New Jersey Court would reduce the unfunded escrow. In other words, if Moscaritolo's damages were determined to be less than $150,000, Plaintiff would have a mortgage on the property for the difference. If Moscaritolo's damages were determined to be $150,000

Count I of the complaint in this adversary proceeding seeks damages for violation of the discharge injunction in Plaintiff's Chapter 13 case. Count II seeks enforcement of the Discharge Injunction. Plaintiff seeks to enjoin the continued prosecution of the lawsuit in the New Jersey Court.

### Discussion

Plaintiff asserts that the issue before the Court is whether Moscaritolo's claim against Plaintiff, "whatever it was, in its totality, in whatever form it existed" was disallowed by the Court. Plaintiff points out that because Moscaritolo's claim was disallowed by the Court, relief under § 553 of the Bankruptcy Code is unavailable to him. Moscaritolo argues that the issue before the Court is whether Plaintiff's discharge discharged Moscaritolo's recoupment or setoff claim regarding his interest in the unfunded escrow. Moscaritolo asserts that notwithstanding the fact that he has no proof of claim, his ability to offset or recoup survived the bankruptcy discharge and may be asserted in the New Jersey Court.

■ Although both Plaintiff and Moscaritolo refer to setoff and recoupment interchangeably, they are distinct concepts. "The common law doctrine of setoff, as recognized in section 553 of the Bankruptcy Code, grants a creditor the right 'to offset a mutual debt owing by such creditor to the debtor' so long as both debts arose before the commencement of the bankruptcy action and are indeed mutual." *In re Davidovich*, 901 F.2d 1533, 1537 (10th Cir.1990) quoting 11 U.S.C. § 553. There is no requirement that the mutual debt have arisen out of the same transaction. *Id.* Recoupment, on the other hand "allows a defendant to reduce the amount of a plaintiff's claim by asserting a

claim against the plaintiff which arose out of the same transaction to arrive at a just and proper liability on the plaintiff's claim." *In re Holford*, 896 F.2d 176, 178 (5th Cir.1990). To the extent Plaintiff had a claim to the unfunded escrow, it appears to have been one for recoupment.

Several courts have held that a creditor's post-discharge exercise of recoupment in a Chapter 7 case is not affected by the debtor's discharge. *See In re Jones*, 289 B.R. 188 (Bankr.M.D.Fla.2002) (exercise of recoupment did not violate the discharge injunction); *In re Izaguirre*, 166 B.R. 484 (Bankr.N.D.Ga.1994) (discharge of debt did not bar insurer's right of recoupment); *Brown v. General Motors Corp.*, 152 B.R. 935 (W.D.Wis.1993) (right to recoupment unaffected by bankruptcy because it is not a debt). However there is an important distinction between those cases and the instant case. In the instant case because Moscaritolo's claim was disallowed, he has no claim for recoupment.

■ By filing a claim with the Court, Moscaritolo elected to participate as a creditor in Plaintiff's Chapter 13 case, placing all of his potential causes of action and defenses before the Court. The secured portion of Claim 6 was disallowed by the Claim 6 Order. The Court permitted Moscaritolo to file an unsecured claim within ninety days of the date of the Claim 6 Order. The entire purpose of the Court giving Moscaritolo ninety days to file an unsecured claim was to enable Moscaritolo to return to the New Jersey Court to liquidate his damages and to then file an unsecured claim in Plaintiff's bankruptcy based upon those damages. At that time, because the Court understood that the New Jersey Court might not determine Moscaritolo's damages prior to the expiration of ninety days, the Court provided a

or more, Plaintiff would not have a mortgage    on the property.

mechanism by which Moscaritolo could extend that time, namely the filing of a motion to extend the time for filing a claim. Such a motion would have, in effect, continued the entire Chapter 13 matter. For whatever reason, Moscaritolo sat on his rights and failed to protect his position in Plaintiff's bankruptcy case. As a result, whatever unsecured claim Moscaritolo may have had was disallowed by the Confirmation Order. Such disallowance, while akin to a default judgment, was a disallowance on the merits. The discharge order discharged any remaining indebtedness of Plaintiff. Nothing remains to be litigated in the New Jersey Court.

### Preliminary Injunction

 A party seeking a preliminary injunction must establish: 1) a substantial likelihood of success on the merits; 2) a substantial threat of irreparable injury; 3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant and 4) that the injunction will not disserve the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

The Court finds that Plaintiff has established a likelihood of success on the merits. A trial in the New Jersey Court to determine Moscaritolo's entitlement to the unfunded escrow would violate the discharge injunction because whatever claim Moscaritolo had to the unfunded escrow was adjudicated and ultimately disallowed by this Court. A creditor's attempt to collect on a disallowed claim is a violation of the discharge injunction. While the Court finds no irreparable injury, continued litigation in the New Jersey Court would require Plaintiff to incur attorney's fees defending a claim that has been disallowed. The threatened injury to Plaintiff, the expense of attorney's fees to litigate a claim which has already been disallowed, outweighs the potential harm to defendant, the inability to litigate a claim which has been disallowed. Finally, public policy mandates the enforcement of a debtor's bankruptcy discharge, the very objective for filing bankruptcy in the first instance. Upon the foregoing, it is

**ORDERED:**

1. Motion for Preliminary Injunction is granted.

2. Moscaritolo is directed to cease prosecution of the lawsuit in the New Jersey Court as it pertains to personal liability against Plaintiff.

3. Any matters not addressed by this Order will be dealt with at the trial of this matter.